Lipscomb, J.
There was no evidence to fix the ownership iu Tom that would be entitled to much if to any consideration, independent of and not derived from the fact of its being branded with his brand. To have made the brand any ground of presumption, it should have been registered. Article 24,‘ 12, Ilart. Dig., is in the following words: “No brands, except such as are recorded by the officers named in this act, shall be recognized in law as any evidence of ownership of the cattle, horses, or mules upon which the same may be used.”
Again, there was not the slightest evidence of any attempt at concealment, which is the first and most important element of larceny. The evidence shows conclusively that it was an open and an avowed claim of property by tlie appellant; in which, whether, lie was right or wrong, is loft extremely-uncertain. And if the evidence constituted or tended to prove any offense, it was a different one from the charge contained in the indictment. It was under article 2427 of Hart]ej'’’s Digest, and for altering the brand, tlie heifer not being liis own property, without the consent of the owner, that the indictment should have been found, if any offense has been committed.
The question, however, here presents itself, whether, on a refusal to grant a new trial, we can look to these defects in sustaining the offense charged iu tlie indictment, as, under our statute, it may well be doubted whether in criminal cases any other questions can be revised than tiloso of law contradistinguished from those of fact. The 3d section. 41 h article, of tlie Constitution, in delining the jurisdiction-of tiffs court, provides that the Supreme Court shall have appellate jurisdiction only, which shall he coextensive with tlie limits of tlie Slate; but in criminal cases and in appeals from interlocutory judgments, with such exceptions and under such regulations as tlie Legislature"shall make. The Legislature, by tlie 7th section of the act of 1846, (Hart. Dig., art. 474,) enacted that tlie Supreme Court shall proceed to try all criminal cases brought by appeal before said court upon bills of exceptions and other points of law presented by tlie record. How, if it be true, as held by tlie Supreme Court of tlie United States, and many of tlie State tribunals of great respectability, that whether a new trial should be granted or not, is a question of fact and not of law, it would seem clear that tlie errors, whatever they may be, iu tiffs case cannot be corrected and revised by tiffs court, as they have not been presented by bills of exceptions to the ruling of the court on the law in the court below. I apprehend, however, that tlie rule referred to is not one of universal application, and that there are many exceptions to it; and that it is sometimes a mixed question of law and fact, and sometimes of fact only, and would seem, in some cases, to raise a question of law only. When all the evidence tended to show that, if any offense had been committed, it was one altogether different from the one charged, it would seem to iuvolvo both a question of law and fact. > When the evidence was conflicting, tlie one side supporting the affirmative and tlie other tlie negative of the issue, it would seem to he a question of fact, whether the verdict of the jury should ho set aside or not. But suppose the jury should return a verdict, without a scintilla of evidence to support it; that a verdict so found should be set aside, would be what the party against whom it had been rendered might claim as his lawful right.
In tlie first case we have put, the application of tlie law to the facts would show that the offense charged liad not been made out, and it might be assimilated to a demurrer to the evidence or the judgment of the court on the law in a special verdict. The case before us, we believe, under tiffs aspect, presents for revision a question of law, the court below having refused to grant a new trial. And we believe the court below erred iu overruling the motion for a new trial.
On the other ground, that of newly-discovered evidence, the court did not err. The appellant knew that tlie two witnesses, whose testimony he *37 says he had lateU discovered, could be discredited, would bo used in support of the prosecution, for a long time before the trial, and he had made no preparation to impeach their evidence.
Note 12. — Thurman v. The State, 33 T., 684.
It is believed that the court below erred in imposing- the punishment on the finding- of the jury of guilty. The punishment imposed by law for the oll'ense charged in the indictment, at the time of its alleged commission, was thirty-nine lashes; but before the conviction, the punishment had been changed for such offenses to imprisonment in the penitentiary not less than one nor more than seven years. (Hart. Dig., art. 2343, 522.) The same aet contained a provision as follows: “That no offense or crime committed, and no penally or forfeiture incurred, previous to the time when this act shall take effect shall be affected by this act, except, that when any punishment, forfeiture, or penalty shall have been mitigated by the provisions of this act, sueli provision shall apply to and control any judgment pronounced after this aet shall take effect for any offense committed before that time.” (Hart. Dig-., art. 569.) This act took effect on the 1st day of January, 1849. It appears from the record that the appellant claimed the benefit of the exception cited above, in arrest of the judgment, but was overruled — the judge believing that the change was no mitigation of the punishment. The exception was designed for the benefit and ad vantage of the accused; and if it was doubtful whether it was a mitigation or not, he siirely should have been permitted to have decided for himself. It is not an inquiry which punishment produces the most physical suffering, hut which is the most ignominious; and among all nations of civilized man, from the earliest ages, the infliction of stripes has been considered more degrading than death itself. The Romans, in case of capital punishment, first scourged with the lash, and then put to death. The judgment is reversed and cause remanded.
Judgment reversed.