## JAMES A. SMITH v. THE STATE.

If a dealer therein, sell or give intoxicating liquor to a slave, by the consent or order of another person, it is his duty to know that such person is the master, overseer, or employer of the slave.

But if a white man should buy the liquor, not colorably or collusively, but really and in good faith, and give or pay it to the slave, the first seller is not responsible for the use thus made of it.

APPEAL from Williamson. Tried below before the Hon. Edward H. Vontress.

The appellant, James A. Smith, was indicted for selling intoxicating liquor to a slave, without the consent of his master, overseer, or employer.

*Josiah Fisk,* for the appellant.

*Attorney-General,* for the appellee.—The appellant's counsel insists, that the court erred in refusing to give the special charge to the jury, asked for by the accused. The effect of this charge was, that if the jury believed from the testimony, that the accused sold the liquor to a white man, named Little, they should

acquit.   The charge given by the court on this point was, "If
the jury believe from the evidence, that the defendant is guilty,
as charged in the indictment, they will find him guilty," &c.   It
will be perceived, that the charge given embraced the charge, as
asked.   The indictment charged, that the accused sold the liquor
to a slave named Isaac, "the property of J. W. Allen."   The
jury was instructed, that the proof must establish this charge,
before they could convict; and by implication, that if the proof
showed that the liquor was sold to the man, Little, they should
acquit.   It was unnecessary, therefore, and would have been
error for the court to have given the charges asked for.

The first charge asked for by the State, and given by the
court, was clearly correct.   It is in effect, no more than what
the law declares, that the sale of liquor to a slave, must be with
the consent of an *authorized* person.   The charge, indeed, stops
short of what the law would have authorized; for by the charge,
the guilt of the accused is made to depend upon his *knowing*,
that the person consenting to the sale, is not the master, mistress,
overseer, or employer of the slave.   The law charges the accused
with notice of who the master, mistress, &c., of a slave is; it
at least declares, that if he sells liquor to a slave, it shall be at
his peril.   Under the law, he is bound to know, that the person
consenting to the sale, is *authorized* to consent.

ROBERTS, J.—The indictment charges the defendant with hav-
ing sold a pint of whiskey to the negro, Isaac, slave of Allen,
without the written permission, &c.   There is no question, but
that Isaac had the whiskey, that Smith sold it, and that it was
without Allen's permission.   The matter of fact, in controversy
is, whether the whiskey was sold to Little, or to the negro, Isaac.

It appears that A. H. Chalmers, while acting as captain of
the patrol, found Isaac with the whiskey, near Smith's grocery;
took the negro into the grocery, and charged Smith with hav-
ing sold it to him, without permission of his master.   The witness,
Chalmers, says, that Smith said he drew the liquor and gave it
to the negro, but that another man paid for it.   Another witness

stated, that Smith denied that he sold the liquor to the negro, but said that he sold it to Little. Little being examined as a witness, stated that he owed Langham's negro fifty cents, for riding a wild horse for him; that he let Langham's boy have the bottle of whiskey in payment for riding the horse; and that he does not know how Allen's boy got the whiskey. Another witness states, that Little got Langham's boy to ride his horse for him; applied to Smith for money to pay the negro; Smith refused to let him have it; he then got whiskey from Smith to pay the negro.

The court, at the instance of the district attorney, charged the jury, that "if Smith drew, and gave the negro, Isaac, the whiskey, upon the order of an unauthorized person, that is, one who is not the master, mistress, overseer, or employer, and received the money for the same, from said person, then he would be guilty of selling to the negro, if he knew that said person was not the master, mistress, overseer, or employer." The latter part of this charge might, perhaps, have been properly left out. For, if Smith sold the whiskey to the negro, Isaac, upon the order of Little, it was his business, under the law, to inform himself that Little was the master, overseer, or employer of the slave, at the time of the sale. Smith, however, cannot complain of this charge. Nor was this condition attached to it, any benefit to Smith; as it was proved, that he very well knew that Isaac belonged to Allen.

To present the rule on the other side of the controverted fact, the defendant's counsel asked the court to charge the jury, that "if they believed from the testimony, that Smith sold the liquor to Little, they must find for the defendant." This instruction the court refused; and its refusal is assigned as error.

Had this charge been given, the exact matter in issue would have been fairly and fully submitted to the jury. It would have served, in connexion with the previous charge, to direct the minds of the jury to the investigation of the transaction, so as to arrive at a conclusion as to what it really was; that is

whether Smith sold the whiskey to Isaac, upon the order of Little, or sold it to Little.

We think this charge should have been given. The object of the law is, to prevent persons engaged in the business of selling liquor, from unlawfully selling or giving it to slaves. (O. & W. Dig. 542, Art. 668.) It contemplates, in case of sale, a dealing with the slave, by the person selling. If a white man should intervene, and buy it, not colorably or collusively, but really and in good faith, and then give it or pay it to a slave, that would not be dealing with the slave, by the first seller, but with the white man; and he would not be responsible for the use made of the liquor, thus bought from him by a white man. The judgment is reversed and the cause remanded.

Reversed and remanded.