### T. M. ISAACS v. THE STATE.

Where the proof was that the accused took the tobacco openly, without any attempt at concealment, it should have been left to the jury to determine whether, under all the circumstances, the party intended theft, and the court should have at least defined theft in the language of the statute. (Paschal's Dig., Art. 2381, Note 683.)

One of the most material considerations respecting the "taking," to constitute theft, is, whether the act was done *animo furandi*.

In an indictment for theft, the property stolen may be laid in the true owner or in the bailee; but to sustain a conviction, the proof must correspond with the averment of ownership, and when, on the trial, the question of ownership is raised, the defendant has the right to have it submitted to the jury.

APPEAL from Erath.   The case was tried before Hon. JOHN J. GOOD, one of the district judges.

No briefs have been furnished to the *Reporter*.

CALDWELL, J.—The defendant was tried and convicted upon an indictment of theft of a plug of tobacco, the property of A. S. Kirk.

The proof showed that the defendant took the tobacco openly, without any attempt at concealment, and in the presence of another, and that the tobacco was not the property of Kirk.   He was only bailee.

Whether this be theft or mere trespass, was a question of fact for the jury to determine, under all the circumstances. It is not every wrongful taking that amounts to theft. One of the most material considerations respecting the "taking," to constitute theft, is, whether the act was done "*animo furandi.*" The ordinary discovery of such felonious intent is, when the party commits the act clandestinely, or, upon its being laid to his charge, denies it. But this is not the only criterion. New cases will arise, in which the "intent" will be referred to the jury.

Not so here. There was no charge of the court, directing the minds of the jury to the distinction between theft and trespass, as ought to have been given. The court did not even favor the jury with the statutory definition of theft, but instead thereof a commentary on the statute perplexing to this court, and which must have bewildered the jury.

It is well settled that property may be laid in the true owner or in the bailee; but, to sustain a conviction, the proof must correspond with the averment of ownership; and when, on the trial, the question of ownership is raised, the defendant has the right to have it submitted to the jury. This the court refused to do, on the ground that it was embraced in the general charge.

We cannot discover that it was, and for these errors the cause is reversed and remanded for a new trial.

REVERSED AND REMANDED.