## WM. KAY v. THE STATE.

1. Where the testimony is conflicting as to the ownership of property alleged to have been stolen, the defendant is entitled to have the jury instructed, that unless they are satisfied beyond a reasonable doubt of the ownership as charged, they should acquit.

2. Proof of the taking of property under a fair claim of ownership will not sustain a verdict upon a charge of theft.

APPEAL from Burleson. Tried below before the Hon. F. P. Wood.

Kay was indicted, tried and convicted for theft of a beef steer, the property of William Bagley. The case sufficiently appears in the opinion of the court.

*Shepard, Searcy & Shepard,* for appellant, cited 7 Texas, 71, Herber v. The State; 33 Texas, 196, Gardiner v. The State.

*Geo. Clark, Attorney-General,* for the State.

REEVES, ASSOCIATE JUSTICE.—The ownership of the property described in the indictment was not clearly established on the trial. The indictment lays the title to the animal alleged to have been stolen in William H. Bagley. The defendant, Kay, claimed the steer as one of the Lawrence and Riggs stock, and that he had purchased from Riggs. The evidence was conflicting and tended to lead to different conclusions on the question of title. But as the case must be disposed of on other grounds, it is not proposed to say anything further in regard to this branch of the case.

The court gave no general charge to the jury, but gave the charges asked by the district attorney and in part the charges asked by the defendant. The judge refused to charge the jury as requested by the defendant, that if they believed from the evidence that the defendant took the steer, openly claiming it as his own and without any effort at concealment, to find for the defendant.

The defendant further asked the court to charge the jury, "If there is any reasonable doubt on your minds as to the ownership of the steer in question, the defendant is entitled to the benefit of this doubt."

These charges were refused, and the refusal to give them is assigned as error.

If the charges given by the court had embodied and presented to the jury the proposition of the charge refused on the question of doubts, the judge need not have repeated it. But the charge as given leaves it uncertain whether the doubt must be understood of the guilt of the defendant generally, or of the ownership of the property. The jury are instructed- that the doubt must be a reasonable one, and that no frivolous or unreasonable doubt should ever be allowed in the minds of the jury to shield a wrong-doer. It is presumed, from the terms employed, that the doubt referred to the guilt of the defendant upon the whole case, rather than to the ownership of the property. But if the refusal of the charge is to be taken as expressing the opinion that a doubt as to the ownership of the animal did not enter into the question of the defendant's guilt or innocence, it was error to refuse the charge.

The second charge asked by the district attorney and given by the court is not free from objection, in so far as the jury are instructed that the claim made by the defendant must be well founded, if by that it is to be understood that there must be no doubt about the claim. The jury were properly instructed that the claim must not be set up as a subterfuge.

But the charge is objectionable in other respects.

Where the property is taken under a fair color of title, a conviction for theft could not be sustained. If the taking, though wrongful, be not fraudulent, it is not theft, but only trespass. The intent to trespass on the property of another, though it enters into the constitution of theft, is not sufficient; there must be added to it the further intent to deprive the owner of his property. Where property is taken openly in the presence of others, or in the presence of another claimant, and not by robbery, but upon a real claim of title, and not as a pretext to defraud, it is not theft. (3 Greenleaf Ev., Sec. 157; 1 Bishop on Cr. Law, 427.)

It is believed that the law as applicable to the case was not given to the jury with the distinctness that the facts required on the question of ownership, and that there was error in refusing to give the fourth charge asked by the defendant.

Upon the whole, it is the opinion of the court that the case must be reversed and remanded for a new trial.

REVERSED AND REMANDED.