41  203
30a  94

## BUCK BRAY v. THE STATE.

THEFT—FRAUDULENT INTENT SHOULD BE LEFT TO THE JURY.— Where there is evidence from which the jury might infer that the taking was not fraudulent, it is the right of the defendant to have the distinction between trespass and theft clearly given in the charge to the jury.

APPEAL from Lamar. Tried below before the Hon. J. C. Easton.

*V. B. Hale,* for appellant.

*George Clark, Attorney General,* for the State.

Gould, Associate Justice.—The appellant was convicted of theft of a cow, alleged to be the property of W. J. Hamner. The defendant introduced evidence tending to show that the cow was the property of his father, or that it was taken under the honest belief that such was the case, and not with any fraudulent intent. The court refused to give a charge asked by the defendant, to the effect that if the cow was taken under an honest belief that she was the property of his father, defendant would not be guilty of theft, though he was mistaken in his belief. The instruction given on the subject is as follows:

"No mistake of law excuses one committing an offense; but if a person laboring under a mistake as to a particular fact shall do an act which would otherwise be criminal, he is guilty of no offense. This mistake, however, as to a fact which will excuse a man for committing an offense, must be such as that the person so acting under a mistake would have been excusable had his conjecture been correct, and it must also be such a mistake as does not arise from the want of proper care on the part of the person committing the offense. If, therefore, the defendant did not act with proper care in ascertaining the true ownership of the cow, he cannot be excused on the ground of a mistake of fact."

This, with the exception of the last sentence, is copied from the code. (Pas. Dig., arts. 1649, 1650.)

These articles refer to acts "otherwise criminal," or acts in themselves criminal if unexcused, and not to acts which become criminal only when committed with a fraudulent or felonious intent. For example, to sell liquor without a license is an offense, though the clerk who sells it may carelessly take it for granted that his employer had a license. (Tardiff *v.* The State, 23 Tex., 169.) So the criminality of a homicide, committed under the mistaken belief

of the existence of facts which excuse the act, may be affected by the want of proper care inducing the mistake. (1 Bish. Crim. Law, 384.) In theft, the fraudulent intent is a necessary constituent of the offense. The act of taking itself, without such an intent, is a mere trespass. If the taking be under an honest, though mistaken, claim of right, it would seem hardly necessary to cite authority that it is not theft. (4 Bl. Comm., 232; 1 Hale P. C., 509; Smedly v. State, 30 Tex., 214; Dignowitty v. State, 17 Tex., 527.)

In cases where there is evidence from which the jury might infer that the taking was not fraudulent, it is the right of the defendant to have them clearly instructed as to the distinction between trespass and theft. (Isaacs v. State, 30 Tex., 451.)

There was error in refusing the instruction asked, and error in the charge as given.

In reversing this case, we think it proper to call attention to the very imperfect entry of a final judgment in the court below.

The judgment is reversed and the case remanded.

REVERSED.