## VICENTE VARAS v. THE STATE.

1. INTENTION, PROOF OF, IN PROSECUTIONS FOR THEFT.—Where the accused claimed the property alleged to have been stolen, and there is any evidence tending to show that his claim might have been honestly made, it is his right to have the jury charged "that if his intention was not criminal or fraudulent, he is not guilty of theft."
2. TAKING UNDER MISTAKE.—In cases where the taking may have been done under an honest mistake, it is proper to give the defendant the benefit of a special instruction, submitting to the jury that they must be satisfied that the taking was not under such mistake before they convict.

APPEAL from Atascosa. Tried below before the Hon. John P. White.

Vicente Varas was indicted for theft of "a black and white-spotted sow hog," the property of Jesse L. Ragsdale.

On the trial Ragsdale testified that about October 1, 1873, in Atascosa county, witness was returning home, and "when within six or seven hundred yards of my house I heard my hogs making a noise off at one side of the road. I went to them and found the defendant with a black and white sow pig of mine in his arms, carrying it off. * * I asked the defendant what he was going to do with my pig, and told him to turn it loose. He refused to do it, saying, 'my hoggy.' Defendant is a Mexican; does not speak English plain." Defendant seemed very much surprised when I first went up to him."

After several orders, and after threats of force, Varas let the pig loose, and invited witness to come to his (Varas') house and see if any other of witness' hogs were there. Witness went and found three other of his hogs in the possession of accused. The hog was not marked; witness identified it by its flesh marks.

Defendant proved that he had owned a sow that had pigs around and following her of about same age, and running in same range; that he bore a good character.

The court charged the jury in general terms under the

statute, and refused the additional instruction asked by the defendant, viz:

"The intent is the gist of the offense; and if you believe from the evidence that the defendant had no criminal intentions, you will acquit him."

The accused was convicted, and his punishment fixed at one year's confinement in the penitentiary. The motion for new trial was overruled, and defendant appealed.

No brief for appellant.

*George Clark, Attorney General,* for the State.

GOULD, ASSOCIATE JUSTICE.—The defendant was charged with the theft of a hog, and under the evidence the real issue was not whether he took it, but whether he took it fraudulently or under an honest claim that it was his own. There was evidence that he claimed the hog, and there was some evidence tending to show that his claim might have been honestly made. The court in its charge gave the statutory definition of theft, but did not otherwise instruct the jury as to the distinction between theft and trespass. In behalf of defendant, the following instruction was asked and was refused: "The intent is the gist of the offense; and if you believe from the evidence that the defendant had no criminal intention, you will acquit him." We think it was the right of defendant to have the jury instructed substantially as asked; that is, told affirmatively, that if his intention was not criminal (or fraudulent) he was not guilty of theft. (Smith *v.* The State, 24 Tex., 549; Isaacs *v.* The State, 30 Tex., 450.)

The abstract statement of the law, in the definition of theft, was not calculated to call the attention of the jury to the real issue under the evidence in a manner so pointed and direct as to satisfy us that the defendant was not prejudiced by the refusal of the instruction asked. In cases where the taking may have been done under an honest

mistake, it is proper to give the defendant, if he asks it, the benefit of a special instruction, which will make it plain to the jury that they must be satisfied that the taking was not under such mistake before they can find a verdict of guilty.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.