## W. JOHNSON *v.* THE STATE.

1. THEFT—CHARGE OF THE COURT.—See the opinion in this case for a clear and comprehensive indication of the instructions which should be given to juries in cases of theft. The district judge having, in the present case,. neither given to the jury the statutory definition of theft, nor explained to them the elements or ingredients of the offense, the judgment is reversed and the cause remanded, though the deficiency of the charge in this respect was neither excepted to nor assigned as error.

2. SAME—INDICTMENT.—The property stolen was merely described as "one cow." *Held,* that no further description was necessary; and that the court belów did not err in permitting the state to prove, despite the objections of the accused, the color and description of the cow alleged to have been stolen.

3. SAME—DATE.—Ordinarily it is sufficient to charge that the offense was committed "on or about" a certain date, provided the date was anterior to the filing of the indictment, and not so remote as to show that the offense was barred by limitation.

APPEAL from the District Court of Navarro. Tried below before the Hon. F. P. WOOD.

No brief for the appellant.

*H. H. Boone,* Attorney General, for the State.

WHITE, J.   "It is not proper, as has often been said by this court, for the judge, on the trial of a criminal case, to announce merely the general principles of law defining the offense charged, but he ought also to instruct the jury on the law applicable to the particular case before them, as developed by the facts proved. He should anticipate probable conclusions on the facts, and adapt his instructions to such deductions from them as may be properly made by the jury, which would warrant the defendant's acquittal or conviction." *Farrar* v. *The State,* 42 Texas, 265 ; *Marshall* v. *The State,* 40 Texas, 200.

In cases of theft, whilst it is not essentially requisite that the judge in his charge should give the definition of the

offense literally in the language of the statute, yet where he fails to do so he should, in most cases, inform the jury of the nature and character of the elements and ingredients composing the crime. Jurors may have a very good general idea of what is meant by "theft," and yet have no conception of the rules rendered absolutely necessary by our law to the establishment of the crime. These it is not only the province, but the duty, of the judge to explain to them in many cases of this character. They should be instructed in regard to the intent, and fraudulent taking and appropriation, and, in certain cases, to the distinction between trespass and theft. *Bray* v. *The State*, 41 Texas, 203.

In a majority of the cases which occur it might be well, to a proper understanding and appreciation of their duty, that the jury should be substantially instructed that the felonious intent is the essential ingredient in the crime of theft, and this intent must exist at the time of taking, for no subsequent felonious intention will render the previous taking felonious; that a fraudulent taking of the property of another embraces this idea; that the taker knew that it was not his own, and also that it was done to deprive the owner of it; that this is usually evidenced by its being done in such a manner, and under such circumstances, as to avoid detection or responsibility to the true owner; that the manner and circumstances under which the property was taken, held, used, and spoken of by the defendant, and whether or not there was upon his part any attempt at concealment, are circumstances to be considered and weighed in determining with what intent the property was taken by defendant; or, as has been well said by our court, that, to constitute the crime of theft, "the taking must be an actual and intended fraud upon the rights of another; the taking must include the purpose and intent to defraud; it must be an intentional taking without the consent of the owner, an intentional fraud, and an intentional

appropriation.'' *Mullins* v. *The State*, 37 Texas, 337. See, also, *Herber* v. *The State*, 7 Texas, 69 ; *Billard* v. *The State*, 30 Texas, 367 ; *John Smith* v. *The State*, 42 Texas, 444.

It follows as an inevitable conclusion from these necessary premises that, whenever the intention with which property is taken is not felonious or fraudulent, the party taking is not guilty of theft.

In the case we are considering the judge gave the jury no definition of theft, nor did he explain to them in any manner the constituent elements of the offense. The jury were simply told of the nature of the crime charged in the indictment, the punishment if the defendant was found guilty, together with a charge in general terms on reasonable doubts, and a special charge relative to the certainty of the time proved as fixing the date of the commission of the offense. The defendant was found guilty and his punishment fixed at two years in the penitentiary.

But two errors are assigned :

" 1st. That the court erred in admitting testimony of the color and description of the animal charged to have been killed.

" 2d. The court erred in charging the jury that, if the state proved that the offense was committed on or about a certain day, it was sufficient certainty as to time.''

Neither of these grounds of error are well taken. The indictment being simply for the theft of a cow, without any particular description of the animal (which was not necessary to its validity), we can well imagine, under such circumstances, the difficulty which would ensue in the state's making out a case, in a majority of instances, if deprived of the right to prove identity by proof of description. It is only where the animal is particularly and minutely described in the indictment that the proof is absolutely required to correspond with that description. *Hill* v. *The State*, 41 Texas, 253.

In regard to the second error, even in indictments ordinarily, it is only necessary to charge that the offense was committed " on or about " a certain time or date, so the date or time alleged is anterior to the filing of the indictment, and not so remote as to be barred by limitation. *The State* v. *Elliot*, 34 Texas, 148 ; *The State* v. *McMickle*, 34 Texas, 676.

For failure of the judge to charge the jury all the law applicable to the case, and to set forth the law distinctly, the case must be reversed. In reversing it we will also remark that the court is further of opinion that the evidence as set out in the statement of facts was insufficient to warrant the verdict, and that upon this ground a new trial should have been awarded.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*