## DAVE ROBINSON *v.* THE STATE.

1. CHARGE OF THE COURT. — In the trial of a felony case, it is the duty of the court to give in charge to the jury the law applicable to the case, whether asked or not.

2. SAME — EVIDENCE — CASE STATED. — Indictment for theft of a beef alleged the property in one M., and it was testified that it bore the brand of M. The hide, being produced in court, and identified by the defendant's witnesses, was found to be in the brand of one P., and not in that of M. The question then properly before the jury was whether the property was in M., as charged in the indictment; and the evidence presenting a direct conflict, it is *held* that the court should, as part of the law applicable to the facts, have charged that unless the jury were satisfied beyond a reasonable doubt that the property was in M., as charged in the indictment, they should acquit.

3. EVIDENCE. — The allegations of an indictment must be sustained by the proof, or a conviction will not stand.

APPEAL from the District Court of Gonzales. Tried below before the Hon. E. LEWIS.

The conviction was for the theft of a beef, and the punishment was assessed at five years in the penitentiary.

*Harwood & Winston,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

White, J.    Appellant was indicted and convicted for the theft of a beef of Mrs. Mahan.

The testimony shows that before, and at the time of, and after killing the beef, the defendant said he had bought it of Mrs. Mahan. All the evidence establishes that the beef was killed openly and publicly, without any effort on the part of defendant at concealment; that he sold portions of it to neighbors, telling them how he came by it; and that the hide was hung up where any one passing could see it. Mrs. Mahan went over to defendant's house, with her son-in-law, and they both say they examined the hide, found her brand upon it, and identified the animal as her's. She further said that she had never sold a beef to defendant, or given him her consent to kill one of her's.

On behalf of defendant a number of witnesses testified, some as to the killing of the beef, all as to the hide taken or skinned off the killed animal; and the hide was also produced in court and identified by the witnesses. This hide was not in the brand of Mrs. Mahan, but had upon it the brand of one Parsons.

On this state of facts, the question naturally and squarely presented is, Was the beef which was killed by defendant the property of Mrs. Mahan, as alleged in the indictment? This was the prominent salient feature of the case as made by the proof. With regard to it, as we have seen, the testimony was directly conflicting. Such being the case, in our opinion the defendant was entitled to have the jury instructed, as part of the law applicable to the facts, that unless they were satisfied beyond a reasonable doubt that the ownership of the animal was in Mrs. Mahan, as charged, they should acquit. *Kay* v. *The State*, 40 Texas, 29. It is true that no special instruction covering this point was asked by defendant, as was done in Kay's case; yet, nevertheless, the case being a felony, the law applicable should have been given, whether asked or not. If the beef was in fact Par-

sons's, instead of Mrs. Mahan's, defendant could not have been legally convicted in this case, because there would have been a fatal variance between the allegation and the proof of ownership.

The failure to give such a charge, under the circumstances of the case, will necessitate a reversal of the judgment; and, upon a new trial, the defendant will have an opportunity to avail himself of the newly discovered evidence set out as part of his motion for a new trial.

*Reversed and remanded.*