HENRY SMITH *v.* THE STATE.

1. THEFT — INTENT — CHARGE OF THE COURT. — When, in a trial for theft, there was evidence, though vague, which tended to show a *bonâ fide* purchase of the property by the defendant, it was the duty of the court below, whether asked or not, to have submitted that issue in the charge to the jury; and this court will take cognizance of omissions of this character, though not assigned as error nor urged here as cause for reversal.

2. SURPLUSAGE. — INDICTMENT for theft of a mule alleged that it was the property of an owner unknown, and was taken from the possession of one D.; who had estrayed it and was holding it for the owner, and was taken without the consent of D. *Held*, that the material and issuable matter in this allegation was that the animal was a mule which was an estray, and was in the possession of D., and taken therefrom without his consent. That D. had estrayed the animal was not a descriptive or material averment, but surplusage.

3. VARIANCE is a disagreement between the allegation and the proof in some matter legally essential to the charge.

4. CHARGE OF THE COURT. — When, as in this case, the inculpatory evidence was in the main circumstantial, the law governing that character of evidence should have been given in charge to the jury.

APPEAL from the District Court of Tarrant. Tried below before the Hon. A. J. HOOD.

The allegations in the indictment are fully disclosed in the opinion. The jury found the defendant guilty, and assessed his punishment at six years in the penitentiary

*H. M. Furman*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. The evidence introduced by the prosecution tended to show that the defendant might have purchased the animal claimed to be stolen, from another person, in good faith and without any fraudulent intention on his part. No matter how vague this evidence may have been, nor how improbable it might be that the jury would make that deduction, yet, as it was a possible legitimate deduction, the court should not have withdrawn that issue from their consideration by failing to include it in his charge; and this omission cannot pass unnoticed on appeal, even though no instruction was asked upon the point, nor the same assigned for error or discussed in the briefs and argument of counsel. *Camplin* v. *The State*, 1 Texas Ct. App. 108; *Ivey* v. *The State*, 43 Texas, 425; *Robinson* v. *The State*, 5 Texas Ct. App. 579; *Hamilton* v. *The State*, 2 Texas Ct. App. 494; *Bishop* v. *The State*, 43 Texas, 390; *Varas* v. *The State*, 41 Texas, 527; *Bray* v. *The State*, 42 Texas, 203, 560; *Kay* v. *The State*, 40 Texas, 29.

The indictment in this case charges the defendant with the theft of a certain mule, whose owner was unknown, and that the same was taken from the possession of one George Davis, who had the custody of said animal as an estray, and who had estrayed the same in the manner required by the law regulating estrays. It further charges that the animal was taken without the consent of Davis, who was holding the mule for the owner, and that it was done with intent to deprive the owner of its value. The proof shows that the animal was taken by John Davis, the father of George, to a justice of the peace and *ex officio* county commissioner, in the latter part of 1875, to be reported by such commissioner as an estray; and the commissioner, after taking a description of the animal, returned it to George Davis, to be kept by him until the day of sale. How or where the mule was taken up does not appear, but it seems that John Davis was acting for his son George in the matter, the latter living at the time on his father's place, and culti-

vating for himself a portion of his father's farm, free of rent.

It is contended that this proof does not support the allegations of the indictment above recited, and we are referred to former decisions of this court to sustain the position. *Warrington* v. *The State*, 1 Texas Ct. App. 168 ; *Rose* v. *The State*, 1 Texas Ct. App. 401 ; *Watson* v. *The State*, 5 Texas Ct. App. 27. Neither of these cases are in point, nor are we aware that the precise question involved has been adjudicated in this State. We are therefore remitted to general principles for its proper solution.

The general doctrine of surplusage in indictments, and the well-defined exception of descriptive averments which could have been omitted in the first instance, but which, being employed, became material, are well understood, and need neither elucidation nor authority. The difficulty lies in a proper application of the rule or the exception. As said by this court in *Warrington's Case*, quoting from *United States* v. *Howard*, 3 Sumn. 15 : "The material facts which constitute the offence charged must be stated in the indictment, and they must be proved in evidence. But allegations not essential to such a purpose, which might be entirely omitted without affecting the charge against the defendant and without detriment to the indictment, are considered as mere surplusage, and may be disregarded in evidence. But no allegation, whether it be necessary or unnecessary, whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment, can ever be rejected as surplusage." 1 Texas Ct. App. 168. See also Archb. Cr. Pr. 101 ; 3 Ph. on Ev. 668 ; 1 Bishop's Cr. Proc., sect. 482 *et seq*.

Applying these principles to the indictment at bar, we are of opinion the allegation that George Davis had estrayed the animal in the manner required by law, is not a descriptive averment, and comes clearly within the rule, and its

reason, which authorizes courts to disregard it as surplusage. The material, issuable matter was that the animal was an estray, and was in the possession of George Davis, who was holding the same for the owner, and that the same was taken from George Davis's possession without his consent. This the evidence fully establishes. The allegation as to a compliance by George Davis with the laws regulating estrays relates to the character of the property, rather than to its identification or description, and the animal is described simply as " one mule." Variance is " a disagreement between the allegation and the proof, in some matter which, in point of law, is essential to the charge or claim." 1 Greenl. on Ev., sect. 63 ; 1 Bishop's Cr. Proc., sect. 485. And " matter which is merely useless never vitiates." *The State* v. *Elliott*, 14 Texas, 426. The instructions requested upon the subject of variance were properly refused.

The material evidence in this case being in its nature circumstantial, the court should have instructed the jury as to the law governing that character of evidence, especially as such instruction was requested. *Harrison* v. *The State*, 6 Texas Ct. App. 42 ; *Hunt* v. *The State, ante*, p. 212.

The indictment appears to us as sufficient under the law, and the other errors assigned are not supported by the law and the record.

The judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*