## R. B. SIGLER *v.* THE STATE.

1. THEFT — CHARGE OF THE COURT. — In a trial for theft of a mare, the defence was that the taking was done under a *bona fide* belief and claim of right. The proof showed that the animal was branded in a brand formerly used by the defendant's wife, and was taken openly by the defendant as his wife's property, and from the range formerly used by her stock thus branded. The court below charged for acquittal if the jury believed that the defendant took the animal under the honest though mistaken belief that it was his wife's; but the defence, not being satisfied with the general charge in this respect, asked special instructions apprising the jury that a husband has the control, care, and management of his wife's personal property, and presenting more pertinently and directly the law applicable to the defence and the evidence. The special instructions were refused on the ground that they were substantially given in the general charge. *Held*, in view of the peculiar circumstances of the case, that the special instructions should have been given, and that their refusal may have prejudiced the rights of the defendant.

2. EVIDENCE. — In a trial for theft, the State was allowed to prove that as the arresting officer approached the defendant, the latter, who knew the officer, inquired of him what he was down there for; that the officer replied he had come after him, and then the defendant said he expected so as soon as he saw him coming. The defence objected that the defendant was in arrest, and had not been warned that what he should say might be used against him. *Held*, that the objection was not well taken, and there was no error in the ruling.

APPEAL from the District Court of Wise. Tried below before the Hon. J. A. CARROLL.

In 7 Texas Ct. App. 283 will be found a report of this case upon an appeal from a former conviction of the appellant upon the same indictment, and there will also be found a sufficient statement of the material facts. At the trial from which the present appeal results, the testimony of the defendant's wife, excluded at the former trial, was admitted in behalf of the defence. Its purport appears in the report above referred to. The opinion now reported, in connection with the second head-note, supplies such other matters as are relevant to the rulings.

A term of ten years in the penitentiary was the punishment assessed against the appellant.

*Newton & Crane, W. S. Herndon,* and *B. B. Cain,* for the appellant.

*W. B. Dunham,* for the State.

White, P. J.   This is a second appeal taken in this case. (See 7 Texas Ct. App. 283.)   At the trial in the court below, as shown in this case, the defendant requested the court to charge the jury " that the husband has the control, care, and management of the personal property of the wife (whether acquired before or after the marriage relation) during the marriage relation.   2. If the jury believe from the evidence that Mrs. M. M. Sigler (formerly Mrs. M. M. Mathews), wife of the defendant, owned the ' 22 ' brand, and that she had horses running in the range in that brand, and that defendant did take up off the range the animal described in the bill of indictment, and which defendant is charged with stealing, under the belief that it belonged to his wife, M. M. Sigler, formerly M. M. Mathews, they will find the defendant not guilty."   This instruction the court refused, for the reason, as stated, " because given in substance, so far as applicable to the case, in the general charge."

As to its applicability to the case there can be no sort of doubt, because the defence was predicated alone upon the hypothesis that the animal was taken under the belief by defendant that it was the property of his wife.   It is true the court had charged the jury that if they " found from the testimony that the defendant did take the mare mentioned in the indictment, but if you further find that defendant took said mare under a *bona fide,* honest, though mistaken belief that said mare was the property of the wife of the defendant, without any intent on his part to steal said mare, then you will find the defendant not guilty."   Still, the refused instruction was the law, and was calculated to call the attention of the jury to the real issue under the

evidence in a manner much more pointed, pertinent, and direct than did the charge of the court, and we are not satisfied that the defendant was not prejudiced by its refusal. *Bray* v. *The State*, 41 Texas, 203 ; *Varas* v. *The State*, 41 Texas, 527 ; *Smith* v. *The State*, 7 Texas Ct. App. 382. See, specially, *Banks* v. *The State*, 7 Texas Ct. App. 591, and 5 Texas Ct. App. 135. Also, *Pocket* v. *The State*, 5 Texas Ct. App. 552, and *Summers* v. *The State*, 5 Texas Ct. App. 365.

No error was committed in permitting the deputy-sheriff to testify as to what passed between defendant and himself before defendant was arrested.

Because we think, under the peculiar circumstances of this case, that the court erred in refusing the special instruction asked by defendant, the judgment is reversed and the cause remanded.

*Reversed and remanded.*