[No. 1870.]

### Ben Winn *v.* The State.

Theft — Intent — Evidence — Charge of the Court.— See the opinion and the statement of the case for evidence in a trial for horse theft *held* insufficient to support a conviction, inasmuch as it fails to show, conclusively, a fraudulent intent on the part of the defendant in the taking. Note also a state of proof whereunder it would be proper for the trial court to submit, in its charge to the jury, the issue of a taking under an honest, though mistaken claim of right.

Appeal from the District Court of Atascosa. Tried below before the Hon. D. P. Marr.

The indictment charged the theft of a colt, the property of R. A. Goins, in Atascosa county, on the 6th day of March, 1883. The trial of the appellant resulted in his conviction, and his punishment was assessed at a term of five years in the penitentiary.

John West was the first witness for the State. He testified that he was in the employ of Mr. Moore. In April and May, 1883, the witness and Mr. Moore were gathering horses in Atascosa county.

The defendant was along on his own " hack." Among a bunch of horses rounded up and penned for the purpose of selecting Moore's horses, there was a bay orphan colt, about eight or nine months old. The defendant claimed the colt as his, and at his request, on his making this claim, the witness assisted him in putting his brand — the figure of a balloon — on it.

On cross-examination the witness stated that the defendant had some horses running on that range, and he also owned some of the horses penned at the time the colt and Moore's horses were penned. Defendant sold the horses he had in the pen at the time, and then branded the colt and turned it out on the range. Mr. R. A. Goins came up some time afterwards, claimed the colt and took it home with him. The defendant was not present when Goins claimed and took the colt.

R. A. Goins testified for the State. He testified that in April, 1883, he owned a bunch of horses that ranged about his ranche in Atascosa county, Texas. In the bunch were several colts. He missed one of the colts late in April or early in May, and after looking for it several days he found it near Mr. West's ranche, in Atascosa county, some six or seven miles from its usual range. It was then in the defendant's balloon brand. It was not branded when the witness last saw it, before it was missed. Witness knew the colt to be his. It was taken without the knowledge or consent of the witness.

Cross-examined, the witness stated that he knew of but one horse in that range owned by the defendant. Witness took the mother of this colt to Mr. West's place, put her in one pen and the colt in another, and when the two were turned into one pen together, the colt sucked the mare. Witness was absolutely and positively sure that that was his identical colt.

Thomas Goins, the son of R. A. Goins, testified for the State that the colt in controversy was the property of R. A. Goins. Of this fact the witness was absolutely certain.

John West, recalled, testified that the defendant owned quite a goodly number of horses on the range in Atascosa county, and owned several in the bunch that was penned with this colt. Goins also owned some horses among those penned. Charlie Moore, witness, and some one else not remembered by witness, were present at the pen when defendant branded the colt.

The motion for new trial alleged error in refusing the defendant's application for a continuance, complained of the charge of the court, and denounced the verdict as unsupported by the evidence.

*W. T. Merriweather* and *T. T. Teel*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

White, Presiding Judge. A second and more mature and critical examination of this case, occasioned by appellant's motion for a rehearing, has led us to the conclusion that the motion should be granted, the judgment of affirmance set aside, and the judgment of conviction be reversed because of the insufficiency of the evidence to sustain it.

It was in proof that appellant had horses upon the range besides those which were penned with the colt, and which had been sold by him before he branded the colt. He claimed the colt as his own, and so claiming, branded it openly and publicly, and then turned it out on the range where his other horses, unsold, were running. No exception was taken to the charge of the court as given, but, with a view to this evidence, it would perhaps be well on another trial for the charge to submit the issue of a taking under an honest though mistaken claim of right. (*Bray* v. *The State*, 41 Texas, 203; *Varas* v. *The State*, 41 Texas, 527; *Harris* v. *The State*, 2 Texas Ct. App., 102.)

Because we are of opinion that the evidence is not sufficiently certain in establishing a fraudulent intent in the taking of the animal by defendant, the rehearing is granted, the judgment of affirmance set aside, and the judgment of the court below reversed and the cause remanded for a new trial.

*Reversed and remanded.*

[Opinion delivered December 6, 1884.]