JACK MONTGOMERY v. THE STATE.

No. 8146. Decided June 4, 1924.

1.—Rape—Assault to Rape—Defensive Theory—Charge of Court.

Where the indictment charged rape and defendant was convicted of an assault to rape, and his theory of defense was, which is supported by evidence, that he had no intent to force the prosecutrix, and that her conduct was reasonably calculated to lead him to believe, and did lead him to be-

lieve that his acts were not against her consent, and the court refused to submit this issue to the jury, the same is reversible error.

**2.—Same—Consent—Rule Stated.**

Where the subject of an assault to rape is capable of consent, non-consent is an essential element of the offense, and there can be no conviction of an assault with an intent to rape if there were intelligent submission. unless the jury believed that the intent was to use force if persuasion failed, and the proof of a specific intent to rape is essential, and mere indecent familiarity is aggravated assault. Following: Robertson v. State, 30 Texas Crim. App., 499, and other cases.

Appeal from the District Court of Parker. Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of assault to rape; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*Grindstaff & Zellers,* for appellant.—On question of charge of court: Pinkerton v. State, 244 S. W. Rep., 606; Duncan v. State, 90 Texas Crim. Rep., 479; Tucker v. State, 249 S. W. Rep., 1063; Irvine v. State, 20 Texas Crim. App., 12; Herron v. State, 20 id., 301; Smith v. State, 24 id., 299; Bonner v. State 29 id., 232; Garza v. State, 38 Texas Crim. Rep., 317.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney, for the State.

MORROW, Presiding Judge.—Under an indictment charging rape, appellant was convicted of an assault to rape and condemned to confinement in the penitentiary for a period of six years.

The young lady, nineteen years of age, who was the subject of the alleged assault, after attending Normal School in Weatherford, the county seat, for a time was about to return to the home of her parents some six or seven miles distant in the country. To bring her home, her brother, eighteen years of age, went in a wagon to the county seat, arriving in the evening about half-past eight o'clock. The prosecutrix and a girl friend were at a gathering where they were joined by the brother. The gathering dispersed at about eleven o'clock at night. While walking upon the street in company with her brother and the girl friend, the prosecutrix was called to the car of the appellant and accepted his invitation to convey her to her home. Upon reaching the school-house about four miles on the way, the car was stopped, the lights extinguished, and, according to the prosecutrix, an assault made by the appellant in which he accomplished the sexual act. According to his testimony, the sexual act was not completed in that there was no penetration, and that so far as his advances were

pursued, they were not seriously opposed by the prosecutrix. Her conduct, he claims, was such as to lead him to believe that she was passively yielding and that she was not unwilling that the final act should be accomplished, and that he, of his own volition, desisted without penetration.

If the appellant's testimony be true, the parties engaged in mutual fondling and caressing for several hours. She sat in his lap, kissed him, submitted to the fondling of her breast and privates, and finally, after several refusals to go further, relaxed, and as he believed from her conduct, gave passive assent. He claimed that at no time was it his intent to force her; that his entire conduct was directed to obtaining her consent; and that it was only when he thought she was acquiescing that he proceeding to the extent described.

According to her testimony, she resisted to the utmost; that she took no voluntary part in or consented to any of the fondling, and that by force, the penetration took place. In this she was definite.

After they had remained at the place described, for some two hours or more, they rode together in the appellant's car to the home of the prosecutrix, arriving at about two o'clock in the morning. In the meanwhile, the brother of the prosecutrix, who had gone in the family wagon to bring her home had returned, and the parents of the prosecutrix became aware of the fact that she had left the city in company with the appellant, they became alarmed at her long delay in reaching her home. Upon their arrival, the prosecutrix and the appellant were met by her parents, both of whom were armed, and a conversation took place lasting about a half or three-fourths of an hour.

The appellant took upon the trial and takes here, the position that there was affirmative testimony presenting a defensive theory that was not presented to the jury. He contends that he had no intent to force the prosecutrix, and that her conduct was reasonably calculated to lead him to believe and did lead him to believe that his acts were not against her consent, and that this issue should have been presented to the jury. It is his contention that this theory comes not only from his own testimony, but he points to certain other facts in the testimony coming from the State's witnesses. He had on no previous occasion accompanied the prosecutrix. She consented, without demurrer, to ride with him at night for quite a distance in the country. She admits that she spent several hours in his company and while his car was stopped near the school-house she made no effort to leave; that during the interval and after some of the acts, which she claims were offensive, had taken place, her brother, on his way home in a wagon, passed along the road about fifty or sixty yards distant from the school-house. The evidence is such as might have caused the jury to believe that she knew when he passed and she conceded that she made no exclamation or outcry at that time. Upon reaching home, she did not accuse

the appellant of any improper conduct. Her parents were not acquainted with him. She told them who he was. She was not crying upon the arrival, and she made no immediate outcry. Appellant, in her presence, excused the delay by stating that they had had car trouble, and this she did not deny.

There was testimony from which the jury might have drawn the inference that her first admission of the alleged misconduct upon the part of the appellant was made after some of her underclothing had fallen down upon her getting out of the car.

There was evidence of a hemorrhage and that the prosecutrix suffered from some bruises. There was an issue of fact touching the cause of the hemorrhage, whether from her menstrual period or from the insertion of the appellant's finger in the vagina. In their finding, the jury rejected the theory of penetration and acquitted the appellant of rape. The prosecutrix was above the age of consent. There was no legal impediment to her acquiescence.

By exception, the completeness of the court's main charge was challenged upon the ground that it failed to give an affirmative instruction upon the defensive theories of the appellant raised by the evidence. Special charges were also presented and refused, one of them embracing the idea that if the appellant committed an assault upon the prosecutrix with the intent to have carnal knowledge of her on condition of her acquiescence but not against her will, an acquittal of the assault with intent to rape should result; another charge presenting the issue of consent; and still another applying to the issue of aggravated assault and embracing the idea of implied consent, leading the appellant to reasonably believe that his conduct was not objectionable to the prosecutrix.

The refusal to amend the charge or to supplement it with some of the special charges mentioned is properly brought forward for review.

In the statute, "force" is defined as "such as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties, and other circumstances of the case." See Penal Code, Art. 1064. The resistance intended is real, not feigned. Barnett v. State, 42 Texas Crim. Rep., 302; Warren v. State, 54 Texas Crim. Rep., 443; Paxton v. State, 157 S. W. Rep., 396; Gadsden v. State, 77 Fla., 627; People v. Marrs, 125 Mich., 376. The mere efforts to persuade, if done with no intent to accomplish the sexual act by force, do not arise to the dignity of an assault with intent to rape. Bishop's New Crim. Law., Vol. 2, p. 840. From the same work, page 831, we quote:

"While there may be a rape of a woman who does not resist, one in the normal condition, awake, mentally competent, and not in fear, will ordinarily oppose, with a vehemence and by measures varying with her special nature and the particular circumstances, this greatest

of all outrages, unless she mentally consents. So that though she objects in words, if she makes no outcry or resistance, she consents by her conduct, and there is no rape. The extent and form of the resistance should in each case be shown to the jury, who, weighing this evidence with the rest, will find as of fact whether or not the woman consented.''

Where the subject of an assault to rape is capable of consent, nonconsent is an essential element of the offense, and there can be no conviction of an assault with intent to ravish if there were intelligent submission, unless the jury believe that the intent was to use force if persuasion failed. Wharton's Crim. Law., 11th Ed., Sec. 750, p. 954, note 13.

To support the offense of an assault to rape, a specific intent to rape is essential. Indecent familiarity against the consent of the female, where there is no specific intent to rape, is an aggravated assault and not an assault with intent to rape. Robertson v. State, 30 Texas Crim. App., 499; Veal v. State, 8 Texas Crim. App., 474; Pefferling v. State, 40 Texas, 486. The necessity upon a proper demand to instruct the jury upon affirmative defenses is not open to question. In the early case of Clark v. State, 30 Texas, 450, this principle was applied to a case of rape in which the prosecutrix denied the consent, but testified on cross-examination in a manner which might have led the jury to conclude that she yielded on the promise of reward. In Shields v. State, 39 Texas Crim. Rep., 13, the offense was an aggravated assault based upon indecent familiarity with the prosecutrix. Appellant testified that the conduct of the prosecutrix was such as to lead him to believe and did lead him to believe that his conduct was not offensive. The failure to submit this issue arising from this affirmative testimony resulted in a reversal. These cases have been followed, and so far as we are aware, there are none in conflict with them.

In the present case, if the appellant's tesimony is believed, the conduct of the prosecutrix was such as to justify the inference of her acquiescence and the belief that such protests as she made were but passive or feigned. In addition to his testimony, the failure to make outcry or to attempt to escape when her brother passed, her failure to denounce the outrage upon reaching her home, and withholding any declaration of it until circumstances developed which rendered the denial of some familiarity ineffective, constitute evidence supporting the affirmative theory of acquiescence presented by the appellant's testimony. Upon the record, it is believed that the jury should have been instructed in an affirmative manner upon the defensive issues mentioned, namely, that of consent and implied acquiescence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*