# MAY 6, 1936

### CURG BURLESON V. THE STATE.

No. 18208. Delivered May 6, 1936.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Theft of hogs is the offense; penalty assessed at confinement in the penitentiary for two years.

According to the testimony of Ella Curl, a negro woman, she was the owner of three hogs which were upon the farm on which she was living. About noon the first day of September, the appellant, Curg Burleson, came to her home in a wagon and took the three hogs away. Appellant was accompanied by one

Vandy Steptoe. The prosecuting witness was at home and saw the transaction but made no protest so far as the record is understood.

Appellant testified that he purchased the hogs from Tom Burleson; that he was told by Burleson that the hogs were at Ella Curl's place and was given directions with reference to the manner of going to her place and getting the hogs. He followed the directions and got the hogs about noon, in broad daylight and in the presence of Ella Curl. There were some negro boys on the place who asked appellant if he "come after Mr. Tom's hogs." Upon advising them that he did, they assisted him in getting the hogs in his wagon. This testimony was excluded upon the motion of the State upon the ground that it was self-serving.

Bill of Exception No. 1 reflects the complaint of the appellant of the action of the court in refusing to receive the testimony of Mrs. Henry Steptoe who would have testified, according to the bill, that she witnessed a trade between Tom Burleson and appellant whereby Burleson sold to appellant three head of hogs. Her testimony would have been to the effect that sometime in September at her home she heard Tom Burleson sell to appellant three head of hogs which were at Ella Curl's place in San Augustine County; that Tom Burleson instructed appellant at the time to go to Ella Curl's place during the noon hour, or about noon, on the following day and get the hogs.

Bill No. 2 complains of the rejection of certain testimony of Mrs. Henry Steptoe to the effect that she had witnessed a conversation between Tom Burleson and the appellant at her house in which conversation she heard Tom Burleson sell to the appellant three head of hogs which were claimed by Tom Burleson; that the hogs, according to the conversation, were located on Ella Curl's place in San Augustine County.

In the opinion of the writer, the excluded testimony was admissible, and in refusing it the court was in error. The cases cited by appellant in support of his contention are Johnson v. State, 41 Texas Rep., 608; Bray v. State, 41 Texas Rep., 203; Kay v. State, 40 Texas Rep., 29; Moran v. State, 249 S. W., 474; Tucker v. State, 257 S. W., 260. The rejected evidence tended to show that appellant took possession of the property in question under a bona fide claim of right and tended to rebut the theory of the State that he committed the offense of theft. The soundness of this principle and its appli-

cation in the present instance are exemplified in the cases cited above.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*