## PHILLIPS vs. SMOOT.

1. If the instructions given, present the case fairly to the jury, their verdict will not be disturbed, notwithstanding instructions, containing correct principles of law, have been refused.

## H. S. LIPSCOMB, for appellant, contends.

That the court below erred in refusing instructions asked by defendant. Because, unless the plaintiff prove, that he was, at the time of the alleged trespass, in possession, actual or constructive, he cannot recover. There is no proof of possession in plaintiff, but merely that permission was given him, for an uncertain period of time, to depasture his cattle in the field: 3 Stark. Ev. 1089 to 1103; 1 Vol. Mo. Rep. 486, Pery vs. Block et al.; 7 Mo. Rep. 162, Davis vs. Wood.

But if possession is not necessary, under the statute, to sustain this action, it is certainly necessary in order to the recovery of the penalty, to-wit, $5,00, for throwing down and leaving down a fence; for he only who is in possession, can be injured by the throwing down. If this be not true, but, that every one may sue, who is injured in consequence of the throwing down of a fence, by the escape of his horse or other animal, then may 500 suits be based upon one act of throwing down.

If it be held, that the mere act of throwing down and leaving down a fence, is of itself an injury sufficient to sustain an action of trespass, under the statute. Whether there is consequential injury or not, still, this could be injury only to him who owns the field and fence absolutely, or for a term, and does not therefore apply to this case, the plaintiff claiming no interest in either, but merely a liberty to put his cattle in the field for a while,

But, if the instructions of the court below be correct, and possession should not be regarded in this action, the party in possession has, under the statute, but the same right as a stranger, a remedy for consequential damage only, and no remedy for the mere act of throwing down and leaving down the fence. Then as A. cannot recover against B., for throwing down and leaving down C's. fence, unless he, A., is injured thereby, C. cannot recover for the same reason. The act of throwing down and leaving down, in neither case, being regarded as the injury, but must result in injury.

The only act of throwing down and leaving down, that was proved, was on the 2d of May, 1850, as admitted by the defendant. What injury resulted to plaintiff from this? There is not the slightest evidence that any did. On the contrary, the evidence is clear, positive and uncontradicted, that none did. The residence of Mrs. Tolis, plaintiff's witness, and Mrs. Fuqua proves that it was between 9 and 10 o'clock when defendant met plaintiff at the fence and pulled it down. Mr. Crane distinctly and positively states, that on the 2d day of May between 7 and 8 o'clock in the morning, he saw plaintiff's cattle out of and one and a half mile from the field. Plaintiff said to defendant at the fence, "I see my cattle are not in the field sir." Upon this point there is no conflicting testimony. The evidence proves, that th cattle were out of the field more than two hours before the fence was pulled down. The verdict is against evidence. Where the verdict is clearly against evidence, or even where there is great preponderance of evidence on the side of the party against whom the verdict is rendered, this court will interfere: 4 Mo. Reports 295, Oldham vs. Henderson; 8 Mo. Reports 431, Todd et al. vs. Boone County; 8 Mo. Rep. 446, Wilson et al vs. Burks.

There is another view of this case, conclusive in Smoot's favor. If the party, whose fence is pulled down, can protect himself from injury at a trifling expense, or by reasonabl exertion, he is bound to do so. He can recover only for such damage as by reasonable endeavors he could not prevent: 3 Greenl. Evidence 216; 17 Pick. Rep. 284, Loker vs. Damon.

The plaintiff was present--when his fence· was pulled down; if he put it up he was not in, jured even if his cattle were in the field. If he did not put it up he failed to do his duty. With very slight exertion he could have put it up and prevented the injury he complains of. The person who would not put up a fence under such circumstances either knows that he will not be injured if it is not done, or is very anxious to be injured in order that he may sue his neighbor and gratify improper feelings.

### Anderson & Rush, for respondent.

I. Plaintiff contends that the court below did not err in giving the first instruction prayed for by the plaintiff, and that said instruction accords with the second section of an act entitled "Trespass," Rev. Code 1845,

II. The court decided the law correctly, in giving the second instruction of the plaintiff, and could not have instructed more strongly in favor of defendant, without committing error: Rev. Code 1845, p. 362, Charn. Ed.

III. The court did not err in refusing to give the instructions prayed for by defendant, because said instructions conflict with the statute upon which this action is founded: Rev. Code 1845, page 362, Ch. Ed.

IV. The court did not err in refusing said instructions of defendant, even had they been correct in principle, because the instructions given embraced the whole law of the case.

### Ryland, J., delivered the opinion of the court.

This was a petition brought in Marion circuit court by Phillips. against Smoot, for voluntarily throwing down and leaving down a fence that did not lead into the defendant's enclosure, whereby the cattle of the petitioner escaped, and he was put to trouble and expense in getting them again. The petition is founded on a breach of the statute of this State concerning "trespass," which declares, that if any person shall voluntarily throw down any fence, &c., and leave the same down, not leading into his own enclosure, he shall pay to the party injured the sum of five dollars and double the· amount of damages the party shall sustain by reason of such fence having been thrown down: Digest of·1845, page 1069.

The defendant filed his answer, denying that.the fence he threw down was in the possession of the plaintiff, and stating that the fence was put across the road he usually traveled to town; and that the petitioner had no cattle in the enclosure when he threw the fence down.

The jury found for the plaintiff, and assessed the damages to thirteen dollars and thirty-three cents, single damages. The court therefore rendered judgment for the sum of five dollars, the statutory penalty, and for twenty-six dollars and sixty-six cents double damages. Motions were made in arrest of judgment and for a new trial, which were overruled, and the defendant brings the case to this court by appeal.

In looking into the bill of exceptions, we find some instructions asked

---

for and refused, and others given.   It is deemed unnecessary to notice those refused, for the instructions given put the case fairly before the jury, and their verdict, warranted by the evidence will not be disturbed.

Taking the facts set forth in the answer in this case as fully proved, they will not amount to a defence sufficient to bar the plaintiff's action.

The judgment below is affirmed, the other judges concurring.