## D. GILLELAND v. WM. DRAKE.

1. It is not competent to render a judgment for coin in an action for unliquidated damages.
2. A principal who neither authorizes or ratifies a willful trespass committed by his agent, is not liable therefor.
3. The Constitution of this State, wherein it recognizes justices of the peace as *ex officio* notaries public, does not abolish the office of notary public as created by the act of 1846. (Paschal's Digest, Article 4687.)

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

There is no occasion for a statement of the facts.

*Sheeks & Sneed*, for the appellant.

*N. G. Shelley & Geo. H. Gray*, for the appellee.

WALKER, J.   This was an action in the District Court for un-liquidated damages, and yet the verdict of the jury and the judg-ment of the court are for coin, and must therefore be set aside.

Upon due consultation with the law as applicable to the facts in this case, it is doubtful whether Mrs. Gilleland is liable for the acts of her agent McLaren. (See Story on Agency, Section 318, 456.)   Herein it is laid down that, as a general rule, a principal who neither authorizes nor ratifies a willful trespass committed by his agent, is not liable therefor.

On the question of ratification we will refer this case back to a jury, with the remark that if it were clear from the evidence that Mrs. Gilleland did not authorize or ratify the acts of McLaren, the case would be dismissed.

On one point raised by the counsel for appellant it is necessary that we should remark.   We do not consider that the present Constitution, wherein it recognizes justices of the peace as notaries *ex officio*, does away with the law of 1846, or the office of notary, as it originated under the law merchant.   Such has hitherto been the law in Texas, and while-foreign governments refuse to recognize the notarial acts of our *ex officio* notaries, they do recognize the acts of notaries appointed by statute and under the law merchant.   Hence the necessity, which was probably understood by the framers of our Constitution, of suf-fering the law of 1846 to remain undisturbed.

This we understand to be the construction placed upon the Constitution by the Executive.

Elbridge Perry was therefore not deprived of his office as a notary public by the adoption of the present Constitution.

The judgment of the District Court is reversed and the cause remanded.

Reversed and remanded.