OSCAR M. BROWN v. THE STATE.

1. NOTARY PUBLIC, HOW APPOINTED.—It seems that the Governor's appointment of a notary public is inoperative without the advice and consent of the Senate. (Paschal's Dig., art. 4687.)

2. FALSELY ASSUMING TO BE A NOTARY PUBLIC.—On the trial for falsely assuming and pretending to be a notary public against one appointed by the Governor without the advice and consent of the Senate, it is error to instruct the jury "that, if the defendant acted as notary and was not legally entitled to do so they would find him guilty, unless he had reasonable ground to believe that he was entitled to exercise the functions of the office." The guilt or innocence of the accused depended on his "belief, intent, or honesty of purpose," and not on the reasonablenes of such belief.

APPEAL from Dallas. Tried below before the Hon. Silas Hare, judge of the criminal court of Dallas.

The facts appear in the opinion.

*Oscar M. Brown*, for himself.

*George Clark, Attorney General*, for the State.

GOULD, ASSOCIATE JUSTICE.—This is an appeal from a conviction under an indictment for falsely assuming and pretending to be a notary public. The indictment was framed under an act passed November 12, 1866, found in the general laws of the regular session of the eleventh legislature, page 201. It is as follows : " That if any person

shall falsely assume or pretend to be a justice of the peace, constable, sheriff, deputy sheriff, coroner, or any other judicial or ministerial officer, and shall take upon himself to act as such, or to require any person to assist him in matters pertaining to the duty of a justice of the peace, sheriff, deputy sheriff, coroner, constable, or any other judicial or ministerial officer, he shall be deemed guilty of a misdemeanor, and upon conviction thereof be punished by imprisonment in the county jail not to exceed six months or by fine not exceeding five hundred dollars."

One objection or ground of exception set up below to the indictment is that, under the present Constitution, the office of notary public is unknown, except as the powers of a notary public are conferred upon justices of the peace *ex officio.* In the case of Gilleland *v.* Drake, 36 Tex., 676, it was held that the law of 1846, as amended by act of May 5, 1863, providing that " there shall be appointed by the Governor, by and with the advice and consent of two-thirds of the Senate, a convenient number of notaries public, not exceeding six for each county," is still in force. There is no good reason why this decision should be questioned, especially as it accords with the practical construction of the law by the executive department. The statement of facts, however, shows that defendant was appointed and commissioned by Governor Davis as notary public in August 27, 1873. This appointment appears to have been made by the Governor and the commission issued to the appointee without awaiting the advice and consent of the Senate. The better construction of the law is that the appointment is inoperative without the action of the Senate. The language of the law seems to require the joint action of the Governor and Senate, and the law contains no provision, such as was in the original act, (Paschal's Dig., art. 2600,) authorizing the Governor to fill vacancies occurring during the recess of the Senate. This construction appears also to have received legislative

sanction by the act of May 2, 1874, which provides "that the acts of all duly-appointed notaries public in this State, heretofore done and performed in pursuance to law, shall be as valid and binding as though said notaries had been duly commissioned by the Governor and confirmed by the Senate." (Gen. Laws, 1st sess. 14th Leg., p. 196.)

The indictment charges and the evidence shows that the defendant, acting as a notary public, took the acknowledgment of the maker of a deed and certified to it officially on March 17, 1874; and as it appears that he was duly appointed by the Governor, his act is by the law made valid.

The court instructed the jury, in substance, that, if defendant acted as notary and was not legally entitled to do so, they would find him guilty unless he had reasonable grounds to believe that he was entitled to exercise the functions of the office, and further, that these reasonable grounds should amount to reasonable certainty.

It was not the intention of the law to punish one who honestly believed himself entitled to the office in which he assumed to act. The language of the statute, "falsely assume or pretend," implies a guilty knowledge. The ordinary test of criminality is the criminal intent or guilty knowledge; (1 Bish. Cr. L., sec. 370,) and in this case we think the statute makes such intent or knowledge an essential constituent of the offense. (See also 1 Bish. Cr. L., sec. 396.) The provisions of the code as to mistake do not apply to offenses of this character. (See Buck Bray *v*. The State, 41 Tex., 203.)

The charge of the court makes the defendant's guilt or innocence depend not on his belief, intent, or honesty of purpose, but on the reasonableness of his belief, and under our construction of the statute this was erroneous.

The indictment was found prior to the passage of the act of May 2d, 1874, and the case was tried probably before the fact had become known that the law had made

valid the official acts of notaries acting under like author-
ity with defendant, up to May 2, 1874, some six or seven
weeks later than the date of the offense charged.   It ap-
pears to have been assumed by the legislature that such
appointees as defendant might have supposed themselves
authorized to act up to that time, and that the public, too,
might well have mistaken their authority.   However,
whether the defendant acted with a knowledge of his want
of authority, is a question of fact to be passed upon by
the jury under a proper charge from the court.

For the error in the charge, the judgment is reversed
and the cause remanded.

REVERSED AND REMANDED.