## W. T. Rainey *v.* The State.

1. Unlawfully Carrying Arms. — The purpose of art. 320 of the Penal Code, which prohibits the carrying of certain weapons into a church, school-room, ball-room, etc., is not the protection of the edifice or premises, but the protection of the persons there assembled.   An information, therefore, which alleges that the defendant went into a ball-room with a pistol on his person, charges no offence unless it further avers that there were persons there assembled.

2. Same — Peace-Officer. — A *de facto* marshal of a corporate town, who in that capacity carries a pistol into an assembly of persons, is, it seems, a "peace-officer" within the meaning of art. 321 of the Penal Code, which exempts such officers from the operation of the preceding article.

Appeal from the County Court of Gonzales.    Tried below before the Hon. J. S. Conway, County Judge

The appellant, it appears, received from the mayor of the town of Gonzales an appointment as city marshal, and in that capacity acted and was generally recognized. The appointing power, however, was not vested in the mayor alone, but in the mayor and council, and the council had not participated in the appointment of the appellant.

*Ponton & Fly,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WINKLER, J.   The appellant was prosecuted in the County Court, under the act of April 12, 1871 (Rev. Penal Code, art. 320), by information which charges that he did " unlawfully and wilfully go into a ball-room with a pistol on his person, the said Rainey not then and there being an officer of the peace."   By the article of the Penal Code it is provided : " If any person shall go into any church or religious assembly, any school-room, or other place where persons are assembled for amusement or for educational or scientific purposes, or into any circus, show, or public exhibition of any kind, or into a ball-room, social party, or social gathering,   *   *   *   and shall have or carry about his person a pistol, etc., he shall be punished," etc.

The evident intent and purpose of the law is to protect the several assemblies mentioned in the article, whether religious, political, social, or scientific, from intrusion by any person (except those designated in art. 321, Penal Code) going into them and carrying or having about his person any of the arms mentioned in the article, and not the protection of a bare church-edifice, school-room, or ball-room, without reference to the persons there assembled. Hence the charge in the present case, that the defendant went into a ball-room with a pistol on his person, without any averment indicating that there were persons there assembled to be protected, does not allege an offence against the law.   *Owens* v. *The State,* 3 Texas Ct. App. 404.

The information is not sufficient to support the verdict and judgment, and on this account the judgment must be reversed. With reference to another trial it might not be amiss to say, that, from the testimony set out in the transcript, the defendant was entitled to the charge embraced in the second paragraph of the special charge asked by the defendant's counsel, so modified as to state the principle correctly, and so modifying the general charge as to harmonize therewith. *Brown* v. *The State*, 43 Texas, 478. And, further, if the defendant went to the place in the discharge of the duties of city marshal, and did not set up the fact that he was such officer merely for his own benefit, it would seem the law would protect him in carrying the pistol. Agreeably to Mr. Bishop (1 Cr. Law, sect. 917), in the actual affairs of government, a man sometimes holds an office to which he has not been duly appointed; but if he does the duties of the office under color of title, he is called an officer *de facto*, and his official acts are binding on third persons, though they are said not to be valid in his own favor. This question may or may not become of importance hereafter; for the present, it is sufficient to call attention to it, that it may be further considered when necessary.

The judgment is reversed because of a defective information, and the cause is remanded.

*Reversed and remanded.*