GILLELAND v. DRAKE.

(June, 1881.)

ASSIGNMENT OF ERROR.— In taking exceptions to rulings of the court the assignment of error must be specific and must be in conformity with the statute.

CHARGE OF THE COURT.— When, upon inspection, the jury seem to have been instructed upon all points involved in the case, it is the custom of the supreme court not to examine charges asked and refused.

APPEAL from Travis county. Opinion by QUINAN, J.

STATEMENT.— This suit was brought by Drake to recover of Mrs. Gilleland damages for horses driven by McLaren, her agent, out of the plaintiff's range and branded in Mrs. Gilleland's brand, and which by the wrongful taking of them have become a total loss to him. The facts were that Mrs. Gilleland employed McLaren to brand up her stock, and that McLaren drove some horses from Drake's range to Mrs. Gilleland's pen, and, supposing the young stock to belong to Mrs. Gilleland, branded them in her brand by mistake. Drake's brand was JC. Mrs. Gilleland's JG. The animals, when branded, were turned loose at Mrs. Gilleland's pen. Drake sought for them, but never recovered them all. Mrs. Gilleland was called upon to return and counterbrand the stock, but she refused to assist in so doing or paying any part of the expense.

She claimed all the horses in her brand. Admitted that McLaren had authority to brand her stock, and offered, if Drake proved that any of his horses had been put in her brand, to let him take them and counterbrand them. She seems to have been unwilling to put herself to any trouble or expense to ratify the mistake that had been committed. Beyond the fact that Drake's animals were put in her brand, she does not seem to have ever otherwise appropriated them.

The jury found a verdict for plaintiff for $——, and from the judgment rendered thereon this appeal is prosecuted.

The assignments of error in this case are:

1. The court erred in overruling the objections of defendant to the introduction of the deposition of Thomas N. Swearingen, and in permitting said deposition to be read to the jury for reasons set forth in her bill of exceptions.

2. The court erred in its instructions in chief to the jury.

3. The court erred in giving the instructions asked by counsel for plaintiff.

4. The court erred in refusing to give the instructions, numbered from 1 to 7, asked by defendant.

5. The verdict of the jury is contrary to law.

6. The verdict of the jury is contrary to, and unsupported by, the evidence.

7. The judgment of the court on the verdict of the jury is contrary to law.

8. The court erred in overruling defendant's motion for a new trial.

OPINION.— The objection to the deposition of Swearingen, that the notary public who took it on the 14th of February, 1871, was not then a justice of the peace, and therefore unauthorized to take depositions, was answered in the negative by the supreme court when this case was here before on appeal. Gilleland v. Drake, 36 Tex., 676. That the cross-interrogatories were not answered was no objection to the reading of the deposition, because no cross-interrogatories were filed to the interrogatories upon which the deposition was taken. Cross-interrogatories, filed to previous interrogatories propounded to the same witness, were not applicable to the subsequent interrogatories.

The second, third, fourth, fifth, sixth and seventh assignments of error are of that character which, before the introduction even of the new rules, has often been condemned by the supreme court as too general and indefinite. They are not a sufficient compliance with the statute. P. D., art. 1591. They do not put the finger upon the very error committed. What the particular error complained of in the charge of the judge is, even in the briefs of counsel, we have no specific information, and the objection to the charge given as asked by the plaintiff is simply that "it is very loosely drawn, and that nothing is to be found in the charge respecting a knowledge, on the part of Mrs. Gilleland, as to what had been done by McLaren."

Looking at the whole charge in the light of the statement of facts, we have no reason to believe that the jury

were not sufficiently instructed as to the law of the case before them. And where that is the case, and the verdict appears to be warranted by the evidence, courts have refused to examine instructions asked for and refused. Phillips *v*. Smoot, 15 Mo., 598; Henderson *v*. The State, 12 Tex., 525; Hicks *v*. Bailey, 16 Tex., 231; Allbright *v*. Penn, 14 Tex., 290.

Here the controversy was whether McLaren, who had authority to brand Mrs. Gilleland's horses, had. branded horses of the plaintiff in her brand for her, and, if so, whether that act had been done within the scope of his authority, or had been ratified by her.

The charge of the court instructed the jury: " To constitute McLaren the agent of defendant, the act of McLaren must have been done in pursuance of the general line of the duties resulting from his employment, or the act must have been done by the direct direction or command of defendant, or the act must have been approved and ratified by the defendant after it had. been committed. If the act of taking or branding the stock of plaintiff by McLaren was with the knowledge that it belonged to the plaintiff and not to the defendant, and that he was not employed by defendant to brand it, then the act was not done in the line of his employment, and the defendant is not liable for the resulting damage."

The appellees do not question that this charge is, so far as it goes, good law, but that it is defective in not explaining what, in law, was necessary to constitute a ratification, and it is to this point that he asked instructions of the court, the refusal to give which he complains of as error. The charges asked embraced the proposition "that ratification is constituted by the principal, with full knowledge of what has been done, giving his assent or approval to the act and making it his own." This is certainly true; there can be no ratification without knowledge, and this instruction might well have been given; but was it essential, and does the failure to give it vitiate the verdict? We think not.

There was no question made in respect to Mrs. Gilleland's knowledge of what had been done. It was the subject of full discussion with her. Nothing was held back, nothing concealed, and this before the acts which are claimed by appellee to have been a ratification. In fact, she had full knowledge of what was done and charged to have been done, and it was sufficient, therefore, as the case was presented, to instruct the jury that if "she approved and ratified" the acts of McLaren after their commission she would be responsible for them.

AFFIRMED.