### CHAS. AND SAM O'NEIL v. GARRETT DAVIS.

(No. 2559, Op. Book No. 4, p. —.)

APPEAL from Clay County.  Opinion by WILLSON, J.

§ **415.** *Damages; measure of, in actions for tort or trespass.* In actions for damages resulting from a tort or from a trespass upon personal property, the measure of damage is not always the same as where the action is *ex contractu.* In torts the wrongdoer may be liable for remote consequences, provided they were probable to result from the wrong, or are the direct and natural results of it; the limit of such liability depending upon the aggravation and the motives of the wrongdoer, or the degree of negligence or malice manifested by the circumstances connected with the tort. [Field on Dam. secs. 32 and 48; Sedg. on Dam. 79 and 88; 2 Pars. on Cont. 455–457.] Plaintiff claimed value of his time for forty-one days spent in hunting for the horses after they were turned out of the pasture, and was allowed to introduce evidence on this point, and the court instructed the jury that he was entitled to recover such damages if proved. We cannot say that the court erred in submitting to the jury this item of evidence. We think it was a matter properly left to the jury to determine from all the evidence in the case. [Bennett v. Lockwood, 20 Wend. 223; Miller v. Garling, 12 How. Pr. R. 203; Cole v. Tucker, 6 Tex. 266, and authorities cited.]

§ **416.** *Sale of leased premises; effect of, on lease.* Where D. leased the pasture from P. for the year, he had a legal right to use it during the year, and a sale by P. of the pasture or a portion of it would not destroy or affect D.'s rights under the lease. Such sale would pass the land subject to the right of pasturage in D., and D. being

on the land at the time of such sale, and using it for pasturage, the purchaser would be charged with notice of his rights, and would take the land subject to such rights.

§ 417. *Contributory negligence.* It is the duty of a person to use ordinary care and reasonable means to prevent an injury and the consequences of it, and he can only recover damages for such losses as could not by such care and means be avoided; and if a party in any material manner contributes to the injury received, he cannot recover for such losses as result from his own or from his own and another's fault. [Field on Dam. secs. 32, 167, 170; Brandon v. Manuf'g Co. 51 Tex. 121.]

§ 418. *Agent; unauthorized act of, not binding upon principal.* A person who neither authorizes nor ratifies a wilful trespass committed by his agent, acting beyond the scope of his legitimate authority, is not liable therefor. [Gilleland v. Drake, 36 Tex. 676; Story on Agency, secs. 318, 456; Cooley on Torts, 333 et seq.; Ingram v. Linn, 4 Tex. 266; Ingram v. Atkinson, 4 Tex. 270.] This rule should have been submitted to the jury under the evidence to enable them to determine the liability of Chas. O'Neil for the act of his agent, Sam O'Neil, in turning the horses out of the pasture.

May 9, 1883.            Reversed and remanded.