ROBERT STAHMANN V. THE STATE.

No. 16651.   Delivered April 25, 1934.

The opinion states the case.

*Alfred Petsch,* of Fredericksburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for falsely assuming and pretending to be an officer; penalty assessed at a fine of ten dollars.

Article 429, P. C., as amended by the Acts of the 42nd Legislature, Regular Session, chap. 259, p. 430, reads as follows: "Whoever falsely assumes or pretends to be a Judicial or Executive Officer of this State or Justice of the Peace, sheriff or deputy, constable or any other Judicial or ministerial officer of any county or a State Ranger in this State and takes upon himself

to act as such shall be guilty of a misdemeanor and shall be confined in jail not exceeding six months or be fined not exceeding Five Hundred Dollars ($500.00) Dollars or by both such fine and imprisonment."

One Fly, who was walking down the sidewalk in the town of Comfort in a drunken condition, was arrested on the 12th of November, 1933, by Otto Barth, a deputy sheriff. While Barth was searching Fly, the appellant appeared and advised Barth that he (appellant) was a deputy constable and would take Fly in charge. Upon Fly being surrendered to him, appellant carried him across the street and released him. It appears that some time prior to November 1, 1933, the Justice of the Peace of the precinct pursuant to the request of the directors of the Comfort Community Theater, had appointed appellant a deputy constable, and that thereafter appellant had executed process and generally performed the duties of the office. Appellant admitted that since the present occurrence he had learned that he was not a legally qualified deputy constable, but he asserted that he honestly believed that he was qualified at the time he advised the deputy sherifff that he was a peace officer. His contention was that he acted in good faith, honestly believing that his appointment was valid. It is his position that the evidence is insufficient to support the conviction.

The statute under which the prosecution proceeded was construed by the Supreme Court of this State in Brown v. State, 43 Texas, 478. In construing the statute, Associate Justice Gould used the following language: "It was not the intention of the law to punish one who honestly believed himself entitled to the office in which he assumed to act. The language of the statute, 'falsely assume or pretend,' imples a guilty knowledge. The ordinary test of criminality is the criminal intent or guilty knowledge; (1 Bish. Cr. L., sec. 370), and in this case we think the statute makes such intent or knowledge an essential constituent of the offense. (See also 1 Bish. Cr. L., sec. 396). The provisions of the code as to mistake do not apply to offenses of this character. (See Buck Bray v. The State, 41 Texas., 203.)"

Looking to the entire record, we are unable to reach the conclusion that the evidence supports the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*