No. 2640.

A. STOKELY *v.* THE STATE.

THEFT—FACT CASE.—To constitute theft the taking of the property must have been wrongful, unless the possession of the property was obtained by some false pretext, or the taking was accompanied by the intent to deprive the owner of the value of the property. Conversion by the accused of property lawfully obtained is not sufficient to establish the fraudulent intent at the time of the taking. See the opinion in extenso for the substance of evidence *held* insufficient to support a conviction for horse theft.

APPEAL from the District Court of Fannin. Tried below before the Hon. D. H. Scott.

The opinion sufficiently discloses the case. The penalty assessed against the appellant was a term of five years in the penitentiary.

*Taylor & Galloway* and *R. B. Semple,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. This is a conviction for the theft of a mare, the property of T. J. Savage. These are the facts:

Savage, the owner of the mare, lived in Delta county, about twenty-two miles from Honey Grove, in Fannin county. He left his home in Delta county for Honey Grove, and while on his way and within about one-fourth of a mile of the latter place he dismounted and turned his mare loose, leaving on her his bridle, saddle and overshoes. He then met defendant, who was a stranger to him. Defendant inquired the way to the tie camp, which was across North Sulphur creek. Savage described to him the way, and told defendant that if he was going there that he had turned his mare loose down the road, and that he (defendant) might ride her to the forks of the road (the road forked about ten miles from where the parties were) if he would turn her loose when he got to the forks of the road. To this the defendant agreed, thanking Savage, and started toward the mare, which was about a hundred yards down the road. Ap-

pellant got the mare, and while on the road to but before he reached the fork, converted her to his own use by swapping her, the saddle, bridle and overshoes to Lee Richards for an overcoat worth nine dollars and eleven dollars in money, telling Richards that his name was Sargent and that he had purchased the mare from a man in the Indian Nation.

Do these facts warrant the verdict? To constitute theft, the taking must be wrongful, unless possession of the property was obtained by some false pretext, or where the taking is accompanied with the intent to deprive the owner of the value of the property. Savage gave defendant permission to take and ride his mare to the forks of the road, there to be turned loose; defendant agreed to turn her loose at that point. In this there was no pretext at all, but simply a promise to turn the mare loose at the fork of the road. The proposition was made by the owner of the mare, and accepted by defendant.

But there must not only be a pretext, but the pretext must be false, and false when made. It is impossible for this to have been such a pretext as is contemplated by the statute, because impossible of proof. Defendant stated nothing relative to a present or past fact, nor the purpose for which he would use the mare, which could be shown by evidence to be false when the statement was made. Hence, what he said was simply a promise, the truth of which when made not being susceptible of proof.

Did he intend to deprive the owner of the mare when he took her? The above observations apply to this question also. However, it may be urged that this intention may be inferred from the conversion. No reliable authority can be found, we venture to assert, to support this proposition. If this be a correct proposition, the first question is not in the case, because the conversion is shown beyond all doubt. Again, the authors who have written at great length upon this subject were engaged in a work quite useless and unnecessary, if the proposition be correct that when possession of property is obtained by the permission of the owner the conversion alone is proof that the taker intended at the time of the taking to deprive the owner of its value.

We are of opinion that the verdict of the jury is not supported by the evidence, and the judgment is hereby reversed and the cause remanded.                      *Reversed and remanded.*

Opinion delivered December 16, 1887.