Opinion delivered April 20, 1889.

No. 6308.

## J. W. CUNNINGHAM v. THE STATE.

1. THEFT—EVIDENCE.—The indictment charged the defendant with the theft in Dallas county, Texas, of a "coupon railroad ticket, which said ticket entitled the holder thereof to one first class passage from Caldwell in Burleson county, Texas, to New York City by way of Purcell, Kansas City, Quincy, Chicago and Buffalo," the said ticket being the property of the Gulf, Colorado & Santa Fe Railway, and of the value of fifty-seven dollars.    The State's witness Cade testified that the value of the ticket, as representing and good for the fare over the said line from Caldwell to New York, was fifty-seven dollars, and that as representing the fare from Dallas to New York, deducting the fare from Caldwell to Dallas, it was fifty-two dollars.    The State's witness Hirsch testified that the ticket, as representing the price of a first class fare from Dallas to New York, was worth in Dallas the sum of fifty-five dollars; to all of which testimony the defense objected that the market value of the said ticket in Dallas was the one question at issue.    But *held* that, in view of Hirsch's further testimony that he paid the defendant twenty-five dollars for the ticket, the admission of the evidence, if erroneous, constituted immaterial and harmless error.

2. SAME.—The defense offered in evidence a letter addressed by the general passenger agent of the Gulf, Colorado & Santa Fe Railway to the conductors on the lines of the said railway, notifying them of the theft of the said ticket, and directing them to take up the same if offered for fare, cancel the same and return it to the office of the writer. *Held*, that the letter being relevant to no issue in the case, was properly excluded.

3. Same—Charge of the Court.—There was no contest or dispute as to the ownership of the said ticket, which fact was proved as alleged in the indictment. In this state of the case, and in the absence of a requested instruction to supply the omission, the failure of the trial court to instruct the jury that the ownership must be proved as alleged was error without prejudice.

4. Same—Practice—Felonious and Misdemeanor Theft. — Exception to a charge of the court based upon an erroneous statement of a principle of law will necessitate the reversal of a conviction without inquiry as to the effect of such error on the jury. In this case the charge misdirected the jury as to the value which determines the grade of theft. Moreover, all of the proof in the case shows that the theft, if theft was committed, was a felonious theft, and the court therefore erred in charging at all on misdemeanor theft—the rule being that the court shall charge only upon issues presented by the evidence.

5. Same.—If the accused acquired *lawful* possession of the stolen property, he can not be convicted of theft unless it is shown that he obtained such possession by false pretext, or with intent, at the very time he obtained such possession, to deprive the owner of its value, and to appropriate it to his own use, and further, that he did so appropriate it. A charge of the court which authorized conviction upon proof that the fraudulent intent was conceived *after* lawful possession was acquired was error.

Appeal from the District Court of Dallas. Tried below before the Hon. R. E. Burke.

This conviction was for the theft of a railway passenger ticket, of a value exceeding twenty dollars. The penalty assessed was a term of two years in the penitentiary.

The fact that the appellant stole the ticket from the office of the railway company in Caldwell, Burleson county, and sold it in Dallas, was not contested, but the defendant's confession of the theft was proved. The sole contention on the trial arose over the value of the ticket in Dallas, if it had value at all. The witnesses concurred in stating that if it was good for the fare to New York, as it purported to be, it was worth from fifty-two to fifty-five dollars in Dallas, and employes of the railway company testified that the said ticket entitled the holder to one first-class fare to New York from Caldwell.

No brief on file for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.  1. The witness Hirsch swore positively that the railroad ticket was purchased by him in Dallas for twenty-five dollars and that it was worth in Dallas fifty-five dollars.  This fact having been thus proven by said witness renders immaterial appellant's first three bills of exceptions reserved as to the admission of evidence of value over his objections, and if in any manner erroneous, the error is without prejudice and harmless.

2. There was no error in excluding the letter of Cark, the general passenger agent of the railroad, notifying conductors that ticket had been stolen, and instructing them to take up, cancel and return the same to his office.  The rejected evidence could throw no possible light upon the transaction under investigation.

3. Several objections to the charge of the court to the jury were saved by bills of exception which appear in the record: 1. The ownership of the ticket was averred in the indictment to be in the Gulf, Colorado and Santa Fe Railroad Company, and the court nowhere instructs the jury in terms that they should find the ownership to be proven as charged, in order to convict.  But while the charge is perhaps critically obnoxious to the objection, yet, when taken in connection with the fact that there was no question as to the ownership and possession raised by the evidence, and the further fact that the jury were charged as to the necessity of finding all the other essential ingredients and the elements of a theft of property stolen from the possession of said railroad company, we do not think the omission complained of would be reversible error in the absense of a refused special requested instruction supplying the defect or omission.  There was no contest or dispute as to the ownership and possession; it was fully proven as alleged, and the jury could not possibly have been misled nor the accused in any manner prejudiced by the omission to charge in terms the necessity of finding the fact as alleged and proven.  Had there been any question as to ownership, the objection would doubtless have been fatal.  (Kay v. The State, 40 Texas, 29; Bray v. The State, 41 Texas, 560; Williams v. The State, 4 Texas Ct. App., 5; Robinson v. The State, 5 Texas Ct. App., 519; Smith v. The State, 7 Texas Ct. App., 382.)

2.  With regard to the value of the ticket, the jury were instructed that if they believed the theft had been committed in Burleson county, and the property was brought by defendant

into Dallas county, "but that the market value of the ticket at Dallas, Texas, *was not over* twenty dollars, or, if you have in your mind a reasonable doubt, from the evidence, as to whether the ticket was over the value of twenty dollars, then you should find him guilty of a misdemeanor," etc. The charge is erroneous in that the statute makes it a felony to steal property of the value of twenty dollars, and does not require that the value should be *over* that amount. (Penal Code, arts. 735, 736.) The instruction was favorable to the defendant, but, being erroneous and excepted to at the time, the error is fatal. If error of law occurs in the charge as given, no matter how immaterial it may be, if it is promptly excepted to and presented by a proper bill of exception on appeal, the statute (Code Crim. Proc., art. 685) is mandatory that the conviction shall be set aside without inquiry as to the effect of such error upon the jury. (Willson's Crim. Stats., sec. 2363.)

3. Another portion of the charge which was excepted to was as follows: "But if you are satisfied that, although the ticket came into his (defendant's) possession by lawful means, and you are further satisfied from the evidence beyond a reasonable doubt that the defendant afterward took the ticket with the intent to deprive the railway company of the value thereof and appropriate the same to his own use and benefit, and the same was so appropriated, the offense of theft is complete." This instruction was erroneous. The correct rule is that "when the *taking* of the property was originally *lawful*, that is, when the property came into the possession of the accused not *wrongfully*, but *lawfully*, a conviction for theft can not be sustained unless it be shown that the accused obtained the property by some false pretext, or with the intent, at the very time of obtaining the property, of depriving the owner of the value thereof and appropriating the property to the use and benefit of the person taking; and it must further appear that the property was so appropriated." "The fraudulent intent must exist at the very time of acquiring the possession of the property. No subsequent fraudulent intent or appropriation of the property will suffice to constitute the original lawful taking theft." (Willson's Crim. Stats., sec. 1269; Taylor v. The State, 25 Texas Ct. App., 96; Guest v. The State, 24 Texas Ct. App., 235; Penal Code, art. 727.)

4. The charge was also specially excepted to because it submitted the issue of petty or misdemeanor theft, that is,

Statement of the case.

theft of property under the value of twenty dollars, there being no evidence calling for such a charge, and all the testimony going to show that the ticket, if worth anything at all, was worth more than twenty dollars. This exception is also well taken. A charge which submits issues not raised by the evidence is erroneous, and, when excepted to as in this case, such error is reversible.

For errors in the charge of the court above pointed out and discussed, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*