WILL M. WILLIAMS v. THE STATE.

*No. 7320.    Decided June 26.*

1. **Theft—False Pretext.**—Where property has come into the possession of a person accused of its theft by lawful means, a subsequent appropriation of it by him is not theft unless it was obtained by some false pretext or with the intent at the time of acquiring possession of depriving the owner of it and appropriating it to the use and benefit of the person acquiring it.

2. **Same.**—The well settled rule is, that where a person hires property in good faith and so obtains possession of it, no subsequent unlawful conversion of it pending the contract of hiring will constitute theft under the general definition of that offense.

3. **Conversion by a Bailee.**—Article 742a of the Penal Code provides, that "any person having possession of personal property of another by virtue of a contract of hiring or borrowing or other bailment, who shall without the consent of the owner fraudulently convert such property to his own use with the intent to deprive the owner of the value of the same, shall be guilty of theft, and shall be punished as prescribed in the Penal Code for theft of like property." The facts of this case bring it within the above quoted article.

4. **Same—Indictment.**—Under an indictment charging theft in general in the usual form, a conviction for the offense denounced by article 742a of the Penal Code can not be maintained.

5.  **Evidence—Written Instrument.**—The rule which requires that written instruments offered in evidence shall have been filed in the cause three days before the trial does not obtain where the execution of the written instrument is proved by the testimony of subscribing witnesses or by a party who saw it executed.

Appeal from the District Court of Bandera. Tried below before Hon. T. M. Paschal.

Conviction for the theft of a horse, the property of Hensley Barnett. Punishment assessed at six years confinement in the penitentiary.

The opinion sufficiently states the case.

*Fly & Hill* and *John R. Storms*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This conviction was had in the court below on an indictment for theft of a horse, the allegations being in the ordinary form of an indictment for theft.

The essential facts succinctly stated appear to be, that Hensley Barnett, the alleged owner, loaned his horse to appellant to go to town to get some nails. On the way back with the nails appellant met with a friend who informed him that a young lady wished to see him over at Dock Hamilton's.

Defendant came back to Barnett's with the horse about dinner-time and hitched him at the gate and started off to walk to Hamilton's, when Barnett, voluntarily and without request or solicitation of the defendant, told him that he could ride the pony to Hamilton's if he would promise to come back before sundown. This was on the 15th of January, 1891.

On the morning of the 16th of January, 1891, defendant sold said horse to one Schreiner, in the town of Kerrville, twenty-five miles from Bandera, and executed to Schreiner a bill of sale to the horse.

There was no evidence going to show whether the defendant went from Barnett's to Dock Hamilton's or not after Barnett had loaned him the horse.

From these facts it appears that Barnett is the party who proposed that the defendant should ride the horse to Dock Hamilton's, and that defendant's possession was not acquired by any false pretext or misrepresentation on his part. Under article 727 of the Penal Code, where property has come into the possession of a person accused of theft by lawful means, it is declared that a subsequent appropriation of it is not theft unless it was obtained by some false pretext or intent to deprive the owner thereof and appropriate it to the use and benefit of the person taking it.

We think the evidence in this case is wholly insufficient to show that the horse in question was obtained by the defendant by means of a false

pretext or with a fraudulent intent existing in his mind at the time he acquired possession through the loan of Barnett, the owner. Cunningham v. The State, 27 Texas Ct. App., 479.

The well settled rule under the article referred to above is, that where a horse is delivered and hired alone, and such delivery was obtained *bona fide*, no subsequent unlawful conversion pending the contract would render it a felony or make the offense felonious; and further, if one hired a horse and sold it before a journey was performed, no subsequent unlawful conversion pending the contract would make it a felony or make the offense felonious; and further, if one hired a horse and sold it before the journey was performed or sold it afterward before it was returned, he would not commit theft in case the false intent came upon him subsequently to receiving it into his possession. Morrison v. The State, 17 Texas Ct. App., 34; Rumbo v. The State, 28 Texas Ct. App., 30.

The facts above stated in this case bring it within the rule of article 742a of the Penal Code (Act of March 8, 1887), which provides, that "Any person having possession of personal property of another by virtue of a contract of hiring or borrowing or other bailment, who shall without the consent of the owner fraudulently convert such property to his own use with the intent to deprive the owner of the value of the same, shall be guilty of theft and shall be punished as prescribed in the Penal Code for theft of like property." Defendant should have been indicted under this article of the Penal Code, and had he been so indicted we would have been compelled to have sustained the conviction under the evidence adduced, but under an ordinary indictment for theft a party can not be convicted for the offense denounced in said article 742a. Taylor v. The State, 25 Texas Ct. App., 96; Brooks v. The State, 26 Texas Ct. App., 184; Nichols v. The State, 28 Texas Ct. App., 105; Purcelly v. The State, 29 Texas Ct. App., 1.

With a view to another trial of the case, we deem it necessary to dispose of the only question raised by the bill of exceptions in the record, which was as to the admission of the bill of sale made by appellant to Schreiner. It was objected to the bill of sale that it had not been filed of record in the case three days before the trial, and consequently was not legitimate evidence.

This rule with regard to instruments of writing only obtains where the party offering it in evidence is not prepared to prove and does not prove the execution of the instrument *aliunde;* but where it can be proved by the testimony of the subscribing witnesses or a party who saw the defendant execute the bill of sale, and where such proof is adduced, the rule requiring the three days' filing and notice does not obtain. Morrow v. The State, 22 Texas Ct. App., 239; Graves v. The State, 28 Texas Ct. App., 354; Abrigo v. The State, 29 Texas Ct. App., 144.

The execution of the bill of sale being proved by witnesses who were present and saw it executed, was properly admitted in evidence.

Because in our opinion the evidence wholly fails to establish the case as alleged in the indictment, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.