## JOSE TORRES v. THE STATE.

*No. 384. Decided March 5.*

**Theft—Indictment—Conversion by Bailee—Allegation and Proof.**—Under an indictment charging theft in general terms, a conviction can not be sustained where the evidence shows a theft under article 742a, Penal Code, viz., a fraudulent conversion by a bailee.

APPEAL from the District Court of Live Oak. Tried below before Hon. W. W. WALLING, Special Judge.

Appellant was indicted for the theft of one head of cattle, the property of one O. P. Williams, and at his trial was convicted of said offense, the punishment being assessed at two years' imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*Chambliss & McCampbell*, for appellant.—The defendant, Jose Torres, was indicted in this cause for the theft of the calf in question under and by virtue of article 724, Willson's Criminal Statutes of the State of Texas, and said indictment charges the offense as therein defined, and the evidence, and especially that of O. P. Williams, shows conclusively, that if the defendant is guilty of an offense, it is either embezzlement as defined by our Penal Code, or theft as is defined by article 742a of the Penal Code of the State of Texas pertaining to theft by a bailee. Taylor v. The State, 25 Texas Crim. App., 96; Brooks v. The State, 26 Texas Crim. App., 184; Cunningham v. The State, 27 Texas Crim. App., 479; Nichols v. The State, 28 Texas Crim. App., 105; Rumbo v. The State, 28 Texas Crim. App., 30; Purcelly v. The State, 29 Texas Crim. App., 1; Porter v. The State, 23 Texas Crim. App., 295; Williams v. The State, 30 Texas Crim. App., 153; Hernandez v. The State, 20 Texas Crim. App., 152.

In order to sustain a cause in any court, the allegations and proof must correspond and be confined to the point or points in issue, and in a criminal case the indictment must contain all of the descriptive allegations of the offense, as well as all necessary allegations that the particular offense has been committed; and if one of these elements is not contained in the indictment, which the facts of the case conclusively show, then the conviction can not stand. In order that the defendant in this cause might be legally convicted for the theft of the calf in question, the indictment would have to allege the descriptive allegations contained in article 742a of our Penal Code—that is, that the defendant obtained possession of the animal as bailee of the owner, and other allegations which would bring the offense within the definition of theft, and not that the defendant fraudulently acquired the possession of the animal as in the general definition of theft, all

of the evidence going to show that if the defendant was guilty of theft at all, it was as the owner's bailee, and was not guilty under the indictment, which only charged theft under the common definition of such an offense.

SIMKINS, JUDGE.—Appellant was indicted for the theft of one head of cattle and convicted, and his punishment assessed at two years in the penitentiary.

The evidence shows that one Williams, the owner of the cattle, loaned several head of milch cows to appellant, who while in possession of them killed and appropriated to his use one of the calves so loaned.   The indictment was framed under article 724 of the Penal Code relating to theft generally, while the evidence only tends to sustain a charge under article 742a of the Penal Code relating to a conversion by a bailee.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.