## THOMAS LOPEZ v. THE STATE.

### *No. 1246. Decided May 19th, 1897.*

**1. Theft of a Horse by False Pretext—Evidence.**

When the indictment charges theft of a horse by means of a false pretext or representation it is essential, in order to sustain the charge, to prove with reasonable certainty, that defendant obtained possession by means of some false pretext, device, representation, etc., or with intent at the time to deprive the owner of the value of the property, and, that he did, subsequently, appropriate the same to his own use and benefit. Simply to prove that he appropriated or converted the property after acquiring possession with the consent of the owner, is not sufficient to establish either the fact of the falsity of the pretense or representation nor the fact that he intended the conversion at the time he received the possession.

**2. Same.**

If accused obtained possession of the animal without resorting to false pretenses or representations, or without the intention, at the time, to convert the same to his own use or benefit, the fact, that he afterwards conceived such intention and did convert it, is not sufficient.

**3. Conversion by Bailee—Evidence.**

Where a defendant is charged with conversion of property as a bailee, it does not matter whether he intended the conversion at the time he acquired the property or not; it does not matter whether he resorted to false pretenses or representations or not, it is only necessary to prove that he acquired the property as a bailee and afterwards converted it.

**4. Same—Venue of the Offense.**

On a trial for horse theft, where the evidence showed, that the possession of the horse was acquired from the owner in B. County, and, afterwards, sold by defendant in D. County. Held: The venue of the prosecution, charging him with conversion as a bailee, would be in D. County, and not in B. County, because the offense of conversion was consummated in D. County, and he could not be thus prosecuted and convicted in B. County.

**5. Confession or Admission—Defendant Not in Arrest When.**

The mere fact that defendant believed that one of the crowd that was present was an officer when he made admissions, in a conversation between himself and the alleged owner of the animal, did not constitute an arrest, and his statements and admissions were legitimate evidence against him.

APPEAL from the District Court of Bee. Tried below before Hon. JAMES C. WILSON.

Appeal from a conviction for theft of a horse; penalty, five years' imprisonment in the penitentiary.

The opinion states the case.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for the theft of a horse, and his punishment assessed at five years in the penitentiary; hence this appeal. The indictment contains two counts; the first, for the theft of the horse, under Art. 858 of the Penal Code of 1895. Under this count the State would have had the right to prove that the accused

came into possession of the horse lawfully (that is, by the consent of the owner), but that he resorted to false pretenses and devices for the purpose of obtaining possession, or that he intended the conversion at the time he obtained possession. The second count charges that he came into possession of the horse by a contract of hiring and borrowing. The conversion of the property occurred in Duval County, the possession having been obtained in Bee County. The conviction in this case must rest upon proof that, when appellant obtained possession, he did so by some false pretext or representation, or with the intent at the time to deprive the owner of the value of the property, and did subsequently appropriate the same to his own use and benefit. Unless the proof sustains this proposition, the conviction is wrong; for we have stated that, as the property was not converted in the county where possession was obtained, that county had no jurisdiction, there being no offense until the conversion occurred. The question therefore is whether or not the proof shows that appellant resorted to some false pretext or representation to obtain possession of the property, or whether he intended the conversion at the time he obtained such possession. Having obtained possession of the property with the consent of the owner, the burden was upon the State to establish the fact that he either acquired possession by false representations or pretenses, or that he intended the conversion of the property at the time he obtained it. Proof of conversion is not sufficient to establish the fact that he resorted to some false pretense or representation to obtain possession of the property, or that he intended the coversion at the time he received possession. There must be other proof. The circumstances attending the transaction must show to a reasonable certainty that he did obtain possession by means of some false device, representation, etc., or that he intended the conversion at the time he obtained possession. The State introduced no proof upon this point at all, save and except the bare fact of conversion. If the accused obtained possession of the property without resorting to false pretenses or representations, or without intending at the time to convert the same to his own use and benefit, etc., the fact that he afterwards conceived the intention to convert, and did so convert, is not sufficient. These propositions are settled by the authorities beyond any dispute. The act of the legislature making it theft to convert property acquired by a contract of borrowing, hiring, or bailment, was passed to meet just such a case as the above. Under this last act it does not matter whether or not the party intended to convert the property at the time he acquired possession; it does not matter whether or not he resorted to any false pretenses or representations; and if he acquired possession by borrowing, hiring, or as a bailee, and did convert, he is guilty, under Art. 877, Penal Code, 1895. As we have above stated, the conviction could not be sustained under this article, because the property was not converted in Bee County. We hold that he could be convicted in Duval County, under Article 877, because the offense was consummated in that county, and not in Bee County. The defendant

was a witness in the case, and swears that he obtained possession of the horse for the purpose of going after some clothes, and that he did obtain the clothing. Now, there is no proof introduced by the State that this was not true. There is no evidence in this record showing that this pretense was false; no circumstance in the record indicating that what the defendant stated at the time, to-wit: that he desired the use of the horse to go after his clothes, was not in fact true. Let us suppose that after acquiring possession of the horse in this manner, and after obtaining the clothes, he conceived the intention to convert the horse to his own use, and did so convert the animal; he would not be guilty of theft, under Arts. 858 and 861, of the Penal Code. Appellant, through his counsel, asked a special charge in accordance with the views just indicated, which was refused by the court. This charge properly submitted that question, and the jury should have been told that, if defendant formed the intent to convert the horse after acquiring possession of it, he could not be convicted in Bee County, if, as stated above, the facts show the conversion to have occurred in Duval County. It is not necessary to discuss the action of the court in rejecting testimony as to the purpose for which defendant sold the horse in Duval County, as it has no bearing on the case as tried in Bee County. Nor is it necessary to discuss the testimony admitted over the defendant's objection in regard to a conversation had between the alleged owner and the defendant at the time of the defendant's arrest. As shown by the bill of exceptions, appellant was not under arrest at the time, and the mere fact that he believed that one of the crowd who approached him was an officer did not constitute an arrest, for it is shown by the bill itself that appellant was not arrested until after said conversation. His statements to the alleged owner were properly admitted. This was not a case of circumstantial evidence, and the charge upon that phase of the law was not required. There is no question, under the facts adduced by both sides, that appellant took the horse. He testified to this fact himself. This is therefore a case of positive proof. We deem it unnecessary to notice the bill of exceptions reserved to the remark of the prosecuting attorney, as it will not likely occur upon another trial. For the error indicated the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*