## R. M. BULLARD v. THE STATE.

### No. 1989. Decided November 8, 1899.

**1. Theft—Taking Under Claim of Ownership—Charge.**

Under our statute, no person can be guilty of theft who takes his own property unless the taking is fraudulent, a fraudulent taking being the essential necessary element of theft. And where such issue is presented by the evidence, it is error for the court to fail in its charge or to refuse to submit the question of a taking in good faith, under appropriate instructions to the jury.

**2. Same—Taking from an Officer.**

The taking of one's own property from the possession of an officer who has levied upon is not necessarily theft; nor is the taking any more fraudulent from an officer than from an individual.

APPEAL from the County Court of Hunt. Tried below before Hon. R. D. THOMPSON, County Judge.

Appeal from a conviction of theft of one bale of cotton, of the value of $25, from an officer who had levied an execution upon it; penalty, a fine of $25 and one day's imprisonment in the county jail.

The opinion states the case.

*J. G. Mathews*, for appellant.—Where a party takes property under an honest claim of ownership, and is in fact the owner of the same, except in certain specified cases mentioned in Penal Code, article 864, he can not be deemed guilty of theft.

*Rob't A. John*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of the theft of a bale of cotton from the possession of J. E. Langford, constable of precinct No. 5. Langford, it is alleged, had possession of this property by reason of a levy under a writ of execution issued from the County Court of Hunt County. Langford testified he held the writ of execution in a case in which Lindley was plaintiff and Sam Speed, Robert Speed, Addie Speed, and N. Pitts were defendants, and in which case judgment had been rendered in favor of Lindley against said parties. He went to the gin of Will Roan, and there found a wagon load of seed cotton claimed by Speed; that, after levying upon said cotton, Speed drove it under the suction pipe. Witness stayed about the gin for about fifteen minutes, and when

he got ready to leave told Speed to let the cotton remain there, and obtained from Will Roan, the proprietor of the gin, the gin number of the bale, which was No. 238. He was there in a buggy, and could not take the cotton with him. He further testified that as he got in his buggy defendant claimed the cotton. He informed appellant that Speed claimed the cotton, and that he had levied on same as Speed's, and told Bullard to let it alone. He also informed appellant that the law provided a remedy, and he must resort to it. The return on the execution states that it was executed on the 24th day of September by levying on a lot of seed cotton, gin number to be 238; that he had levied on the same as the property of Robert Speed, and in favor of Jahu Lindley, and left it in the care of Will Roan. Appellant testified the cotton was his; that it was the fourth bale gathered by Speed, and by Speed transferred to him in the field before hauling it to the gin, and that he secured Speed's service in so hauling it because he was not well; that, after the cotton was ginned, he took it away on the same day, and, subsequent to the levy by Langford, sold it, and paid the proceeds to Battle; that the cotton was received by appellant as rent; that he believed it was his when he took it, and still thinks so. He states he was aware of the levy, as he had gone to the gin with Speed; that he drove the cotton on the scales; that the cotton was weighed in his name; that Speed first told him the cotton had been levied on. Robert Speed testified that he turned this cotton over to appellant, as rent on a note, the day before the levy was made. Appellant had rented the land on which the cotton was raised from J. F. Battle, and had subrented it to Speed. Blair, the bookkeeper of Roan, testified that he weighed the cotton; that Speed drove it on and off the scales, and it was weighed in the name of Speed. This is the substance of the testimony.

The State's theory of the case upon the trial was that appellant had taken the cotton from the possession of the officer under the levy, and therefore was guilty of theft. If, in fact, Roan was in possession of it, as testified by Langford, and as shown by his return, there was a variance between the allegation and proof. Again, it does not follow that, because a party may take his own cotton from an officer, this would necessarily be theft. Theft is the "fraudulent taking" of personal property. If Langford had held the property independent of his official position, and the property had in fact belonged to appellant, and not to Speed, and the taking was in good faith, believing he had a right to take it, it would not be theft, for this would not have been a fraudulent taking. We are not aware of any law that makes the posession of an officer of any higher grade than the possession of an individual; nor is the taking any more fraudulent from an officer than from an individual. If appellant took the property under the belief that he had a right to take it, and that it was his property, the question of good faith was at once suggested, and the court erred in not charging this phase of the law as embodied in special instructions asked by appellant. In theft

cases under our law the fraudulent taking is a necessary element. No man can be guilty of theft, under our statute, who takes his own property, unless that taking is fraudulent. This, of course, is always a question of fact to be submitted to the jury under appropriate instructions. Because the court failed to give appellant's requested instructions in this regard, and having failed to instruct the jury in the general charge, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*