### C. C. PETERS v. THE STATE.

No. 3560.   Decided February 14, 1906.

**Theft—Embezzlement—Insufficiency of Evidence—Bailment.**

On a trial for theft, where the evidence developed that if defendant secured the property he did so as the agent of the prosecuting witness, the indictment should have been drawn under the bailment statute; however, see evidence in opinion which is held not to be sufficient to authorize a conviction, even under an indictment under the proper statute.

Appeal from the County Court of Tarrant.   Tried below before Hon. R. F. Milam.

Appeal from a conviction of theft; penalty, a fine of $50 and ninety days in the county jail.

The opinion states the case.

*Smith & Lattimore,* for appellant.—On question of insufficiency of evidence:   Abby v. State, 35 Texas Crim. Rep., 589.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction is for theft, the punishment being fixed at a fine of $50 and ninety days in jail.   The following is the State's case:   Henry Landry testified:   "I reached Fort Worth on the morning of August 23d, about 8 o'clock a. m.   I met defendant that day in a saloon.   While there I stated I had $40, and wanted to send it to my wife at Galveston.   Defendant suggested that I send it by the Wells Fargo Express, and offered to send it for me.   I gave him the money, and we came together to a place that looked to me like an express office, and defendant placed the money down on the counter at the window.   There came up some kind of dispute, and defendant turned and walked out.   This was my money, and was of the value of $40.   I did not even see my money again, and I did not give defendant my consent to appropriate same."   On cross-examination he stated:   "I made him my agent to send her this money.   I am sure that I gave him the money

in the saloon. I did not tell officer Maddox the next day that I counted the money down on the counter, and defendant picked it up and walked off with it. * * * I saw him lay the money down on the counter at the window. * * * Defendant did not take the money off my person, but I handed it to him of my own free will and accord, when he said he would take it and send it to my wife." In the first place we hold that the indictment should have been drawn under the bailment statute, since if appellant procured the property, he did so as the agent of the prosecuting witness. Williams v. State, 30 Texas Crim. App., 153; Nichols v. State, 28 Texas Crim. App., 105; Torres v. State, 33 Texas Crim. Rep., 125. However, we have seen fit to review the facts, and they are not sufficient in our opinion to authorize the conviction of appellant, even under an indictment under proper statute. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*