### OSCAR DOWNS v. THE STATE.

#### No. 4413.   Decided April 4, 1917.

**1.—Theft—Original Taking—Charge of Court—Mistake.**

Where, upon trial of theft, the evidence showed on the part of the defendant that at the time he took the property alleged to have been stolen he did not know that it was not his own and did not at that time intend to appropriate it to his own use, and there was also testimony that he formed the intent to take the property subsequently after discovering his mistake, this phase of the case should have been submitted to the jury; that under these circumstances he would not be guilty.

**2.—Same—Rule Stated—Original Taking—Subsequent Appropriation.**

If the original taking was lawful, no false pretext being used, a conviction based upon a subsequent appropriation will not be sustained under an ordinary indictment for theft. Following Stokely v. State, 24 Texas Crim. App., 509, and other cases.

**3.—Same—Rule Stated—Conversion—Fraudulent Intent.**

Proof of the conversion of the property is not sufficient of itself to show that defendant intended at the time of the taking to deprive the owner of the value of the same and to appropriate it to the use or benefit of the defendant. Following Pitts v. State, 3 Texas Crim. App., 210, and other cases.

**4.—Same—Defensive Theory—Charge of Court.**

Where, upon trial of theft, defendant's defense was that the original taking was not unlawful, and at the time there was no intent to appropriate the property, he was entitled to a charge upon this theory which was raised by the evidence. Following James v. State, 72 Texas Crim. Rep., 511, and other cases.

Appeal from the District Court of Tarrant.   Tried below before the Hon. Jas. W. Swayne.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*P. O. Lopp* and *G. W. Dunaway,* for appellant.—On question of submitting defendant's theory of defense:  Kilpatrick v. State, 189 S. W. Rep., 267; Faulkner v. State, 189 S. W. Rep., 1077; Carr v. State, 190 S. W. Rep., 727.

On question of court's refusal to submit defendant's charge on mistake:  Seimers v. State, 55 S. W. Rep., 334; Looney v. State, 189 S. W. Rep., 954; Robinson v. State, 71 Texas Crim. Rep., 561, 160 S. W. Rep, 456, and cases supra.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This appeal is from a judgment condemning appellant to confinement in the State penitentiary for a term of two years upon an indictment and conviction for theft. .

It appears appellant deposited his suit case with the agent of the Texas & Pacific Railway Company in charge of its baggage room in Fort Worth, and received a check corresponding with the number on his suit case, which was 53,252. He returned the check, and the agent by mistake gave him a suit case belonging to another party, on which the check number was 52,352. Appellant claimed that he did not discover the mistake made until the next day after he had gotten possession of the suit case; that at the time he received it he had been drinking, and was intoxicated; that he delivered the check which the agent gave him and received from him a suit case which he supposed to be his own until the following day. There was evidence showing that after discovery of the mistake appellant converted the property.

The court charged the jury on the law of theft, and appellant excepted to the charge on the ground that it failed to tell the jury, in effect, that if appellant at the time he received the property did not know that it was not his own, and did not at that time intend to appropriate it to his own use, but formed that intention subsequently after discovering the mistake, that he would not be guilty. Appellant also requested special charges, which were refused, submitting this issue. The prosecution was under article 1329, Penal Code. Mr. Branch, in his Annotated Penal Code, with reference to the subjects involved, uses the following language, and cites the authorities mentioned:

"If the original taking was lawful, no false pretext being used, a conviction based upon a subsequent appropriation will not be sustained under an ordinary indictment for theft. Stokely v. State, 24 Texas Crim. App., 509, 6 S. W. Rep., 538; Taylor v. State, 25 Texas Crim.

App., 96, 7 S. W. Rep., 861; Nichols v. State, 28 Texas Crim. App., 105, 12 S. W. Rep., 500; Williams v. State, 30 Texas Crim. App., 153, 16 S. W. Rep., 760; Jones v. State, 49 S. W. Rep., 387; Gosler v. State, 56 S. W. Rep., 51; Peters v. State, 49 Texas Crim. Rep., 365, 91 S. W. Rep., 224; Warren v. State, 106 S. W. Rep., 382; Richards v. State, 55 Texas Crim. Rep., 278, 116 S. W. Rep., 587.

"Proof of the conversion of the property is not sufficient, of itself, to show that defendant intended at the time of the taking to deprive the owner of the value of the same and to appropriate it to the use or benefit of defendant. Pitts v. State, 3 Texas Crim. App., 210; Hernandez v. State, 20 Texas Crim. App., 151; Stokely v. State, 24 Texas Crim. App., 509, 6 S. W. Rep., 538; Cox v. State, 28 Texas Crim. App., 92, 12 S. W. Rep., 493; Williams v. State, 30 Texas Crim. App., 153, 16 S. W. Rep., 760; Lopez v. State, 37 Texas Crim. Rep., 649, 40 S. W. Rep., 972; Gosler v. State, 56 S. W. Rep., 51."

Appellant's defense was that the original taking was not unlawful, and at the time there was no intent to appropriate the property. The appellant was entitled to a charge upon his defensive theory raised by the evidence. Wilson v. State, 76 S. W. Rep., 434; Bullard v. State, 41 Texas Crim. Rep., 225; Varas v. State, 41 Texas, 527; Henry v. State, 9 Texas Crim. App., 358; Cameron v. State, 9 Texas Crim. App., 332; Melton v. State, 56 S. W. Rep., 67; Coleman v. State, 56 S. W. Rep., 836; James v. State, 32 Texas Crim. Rep., 509; Fruger v. State, 63 S. W. Rep., 130.

The failure of the court to give such a charge was material error, and because thereof it is ordered that the judgment of the lower court be reversed and the cause demanded.

*Reversed and remanded.*