### Ireland McIlvain v. The State.

#### No. 6842. Decided April 12, 1922.

**Theft of Automobile—False Pretext—Insufficiency of the Evidence.**

Under an indictment for ordinary theft, the State may show theft by false pretenses, but where the evidence was totally insufficient to sustain the conviction, the judgment is reversed and the cause remanded.

Appeal from the District Court of Liberty. Tried below before the Honorable D. F. Singleton.

Appeal from a conviction of theft of an automobile; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*E. B. Picken, Jr.,*—Cited Henderson v. State, 14 Texas Crim. Rep., 503; Wales v. State, 217 S. W. Rep., 384, and other cases.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the theft of an automobile, punishment having been assessed at two years confinement in the penitentiary.

The indictment is in the ordinary form and charges the theft from one G. T. Roots. Much evidence was introduced by the State which was clearly inadmissible but seems to have gone into the record without objection, as we find no bill of exception complaining at that or any other proceeding during the trial. While the indictment is in the ordinary form for theft, the State seems to have proceeded on the theory that the offense, if any, was theft by false pretext, which is properly provable under an indictment in the ordinary form. We understand from the evidence the G. T. Roots lived in San Antonio and that the car was obtained there on October 11th by a party giving his name as H. C. Howell who ostensibly rented the car for twelve hours, giving a false address. Mr. Roots was sick at the time of the trial and not present. The rental of the car is proven only by a pencil notation on the bottom of a letter which the sheriff of Liberty County had written to Mr. Roots at San Antonio, but this like other matters went into the record without objection. R. J. Wyatt testified that he lived in San Antonio and was in the automobile repair business; that he was acquainted with Mr. Roots' physical condition and knew that at the time of the trial he was sick and not able to attend court. This witness says the car in question was taken from the *Post Auto Delivery* on Huston Street in San Antonio; that neither he nor Mr. Roots gave their consent for the car to be taken. It nowhere appears in the record what connection either Roots or Wyatt had with the Post Auto Delivery. Wyatt never saw appellant in San Antonio and had never seen him until he identified the car in Liberty County some time in April after it was taken in October, and states he does not know whether appellant is the man who got the car or not. No effort is made to connect appellant with the transaction of obtaining the possession of the car through the rent contract, the State relying solely upon the fact that he was found in possession of the car in Liberty County some day after it disappeared from San Antonio. The State placed upon the witness stand one Bazoon who testified that appellant had told him that a party had pawned or "soaked" the car to him. The State then attacked the testimony of its own witness by proving that at the examining trial and to other parties Bazoon had stated that he and appellant while in Burkburnett, a short time before the car is alleged to have been taken in San Antonio, had agreed to steal a car each;

that he, Bazoon, had recanted on his part of the proposition; that when he met appellant in Liberty County appellant had the car in question and upbraided him (Bazoon) for not carrying out his part of the agreement.  No objection was urged to this evidence showing Bazoon's former statements.  Appellant undertook to explain his possession of the car by relating that a party by the name of Chester had turned the car over to him at Humble in consideration of appellant letting him have one hundred dollars on the car for the purpose of going to Jacksonville, Florida to see his mother whom Chester claimed to be sick.  He supported this by the evidence of two other witnesses.  Another witness for appellant claims to have left the oil fields at Burkburnett with appellant, and says appellant did not leave the train until he reached Humble.  Appellant then undertakes to show his movements and whereabouts from that time up to the time he was arrested.  The purpose of this testimony was to show that appellant was not in San Antonio at or about the time the car was gotten possession of, and the record fails to show that he was in San Antonio at or about that time.

This court has declined upon many occasions to disturb a conviction for the theft of property where the State relied upon possession of recently stolen property, if unexplained or unsatisfactorily explained.  But that is not the character of case we have before us here.  The very unsatisfactory evidence shows that the car was not stolen in the ordinary sense of theft, but that if whoever obtained possession of the car can be convicted of theft at all, it must be upon the theory that he obtained possession thereof by the false pretext of renting the same for a limited period, having the fraudulent purpose in his mind at that very time to appropriate the car to his won use. We are not aware of any case in which a conviction for the theft of property by false pretext has been upheld by this Court without evidence showing what the pretense was, and identifying the accused as the party who made it, and who thereby gained possession of the property.  The State may be able to obtain the presence of Mr. Roots, the alleged owner of the car, upon another trial.

Believing the evidence totally insufficient to support the conviction, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*