## AUTOMOBILE UNDERWRITERS' CO. v. RHINEHOLD. (No. 7045.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 5, 1923. Rehearing Denied Jan. 2, 1924.)

**Insurance ⬅425—"Theft" policy held to cover taking obtained by false pretext.**

Under Pen. Code 1911, arts. 1329, 1332, as to theft, an automobile policy insuring against "theft" *held* to cover loss occurring when another obtained possession of it by a false pretext, namely, that he was going to try it before buying it, at the time intending to appropriate it to his own use and benefit, and he did so appropriate it.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Theft.]

Appeal from Bexar County Court; McCullom Burnett, Judge.

Action by the Automobile Underwriters' Company against F. H. Rhinehold. Judgment for defendant, and plaintiff appeals. Affirmed.

Lewright & Lewright, of San Antonio, for appellant.

T. M. West, of San Antonio, for appellee.

FLY, C. J. Appellant sued appellee to recover on four promissory notes executed by him, amounting in the aggregate to $180, and to foreclose a chattel mortgage on a Jordan automobile executed to the San Antonio Cadillac Company; the consideration for said notes and mortgage being the sale to appellee of said Jordan automobile. It was alleged that the notes and mortgage had, for

a valuable consideration, been transferred and assigned to appellant. The reasonable value of the automobile was alleged by appellant to be $450. Appellee admitted his liability for the $180, evidenced by the promissory notes, and pleaded a cross-action against appellant on the ground that it had insured him against theft of the automobile in the sum of $500 and the automobile had been stolen, and he prayed for judgment in the sum of $320, interest and attorney's fees. The cause was tried without a jury and judgment was rendered in favor of appellee for $306, being the difference between what was due on the four notes, $194, and the $500, insurance.

The findings of fact are justified by the statement of facts. The automobile was insured for $500 against theft by appellant, and it was stolen from appellee. The reasonable market value of the automobile when stolen was $500. All the conditions of the policy were fully complied with by appellee. Notice was waived by appellant, and liability was at once denied. No issue was made by the pleadings as to the value of the car when stolen, but it was admitted in such pleading that the car was of the reasonable value of $450.

The testimony showed that the automobile was placed in the possession of one Lincoln D. Odle, by appellee, to be carried by the latter to Austin and tried out on the hills near or surrounding that city; that Odle pretended that he was contemplating buying, and took it off with a promise that he would bring it back at 6 p. m. He started to Austin in the early morning, at or about 6:30 a. m. He never returned, but went on to Missouri with the car. Appellee had signed a statement just after the car was taken off that Odle had said he would take the car and wire for the money to pay for the same. This was on the morning Odle started to Austin to "demonstrate" the car on the hills around Austin.

Theft is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking. Tex. Crim. Stats. (Pen. Code) art. 1329. The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete. Tex. Crim. Stats. (Pen. Code) art. 1332. The Court of Criminal Appeals has held that it will under this article constitute theft if the taker obtained lawful possession of the property by some false pretext which induced or deceived the owner into surrendering the property to the thief, and that he intended at the time to steal the property. Porter v. State, 23 Tex. App. 295, 4 S. W. 889; Cunningham v. State, 27 Tex. App. 480, 11 S. W. 485; Williams v. State, 30 Tex. App. 153, 16 S. W. 760. The evidence shows that Odle obtained possession of the automobile by a false pretext and that at the time he intended to appropriate the automobile to his own use and benefit, and did so appropriate it.

The judgment is affirmed.