## CULLEN B. JONES V. THE STATE.

### No. 9666. Delivered March 17, 1926.

#### 1.—Theft—Evidence of Intent—Held Insufficient.

Where, on a trial for theft under Art. 1410, P. C. of 1925, it is necessary for the state to prove that the possession of the property was secured by some scheme or device or that the accused had the specific intent to appropriate it to his own use and benefit at the time it was taken, and proof of the conversion of the property is not sufficient of itself to show this intent. Following Stokley v. State, 24 Tex. Crim. Rep. 510, and other cases cited.

#### 2.—Same—Continued.

The evidence in this case negatives the idea that appellant induced the party in possession of the automobile to part with the possession thereof by reason of any fraudulent scheme or device, and there being no proof that he intended at the very time that he rented the automobile to deprive the owner of the value thereof and to appropriate it to his own use or benefit the evidence does not support the conviction, and the case is reversed. See Art. 1429, P. C. 1925.

#### 3.—Same—Charge of Court—On Defensive Theory—Erroneously Refused.

Where, on a trial for theft of an automobile, which was rented by appellant, his defense being that the car had been stolen from him while in his possession, it was error for the court to fail to affirmatively submit this issue in his charge.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Monroe, Judge.

Appeal from a conviction of theft, penalty three years in the penitentiary.

The opinion states the case.

*Williams, Williams, McClellan & Lincoln* of Waco, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is theft of property over the value of $50.00, and the punishment is three years in the penitentiary.

The state's testimony shows that the alleged injured party was the night man in charge of an automobile garage which was engaged in the business of renting driverless cars and that on the morning of February 26, 1925, at about 5:30 o'clock,

the appellant rented a Ford car and that he did not say where he was going, but just said that he wanted to make about a forty mile drive. The testimony further shows that the car was later found in Port Arthur, Texas, and that appellant told the Sheriff that someone stole the car from him in Port Arthur. The indictment is under Art. 1410 of the 1925 P. C. of Texas, O. C. 1329. Under this article of the statute, before a party can be convicted of theft it is necessary to prove a fraudulent taking of the property. It has been held that in order to prove this it must be shown either that the appellant used some scheme or device in order to procure the possession of the property or that he had the specific intent to appropriate it to his own use and benefit at the time it was taken. Unless one of these elements appears where the undisputed testimony shows that the property was taken with the consent of the owner, a conviction will not be sustained. And it has been further held that proof of the conversion of the property is not sufficient of itself to show that defendant at the time of the taking intended to deprive the owner of the value of the same and to appropriate it to the use or benefit of the defendant. Stokley v. State, 24 Tex. Crim. App. 510; 6 S. W. 538; Cox v. State, 28 Tex. Crim. App. 95; 12 S. W. 493; Williams v. State, 30 Tex. Crim. Rep. 155; 16 S. W. 760; Mellvain v. State, 239 S. W. 959.

The record in this case clearly negatives the idea that appellant induced the party in possession of the automobile to part with the possession thereof by reason of any fraudulent scheme or device and there being no proof that he intended at the very time that he rented the automobile to deprive the owner of the value thereof and to appropriate it to his own use or benefit, it follows that the evidence is wholly insufficient to sustain the conviction. It seems to be clear to us that this is the very character of case that the Legislature had in mind when it passed Art. 1429 of the 1925 P. C., O. C. 1348, defining conversion by bailee.

In view of another trial, we call attention to the fact that by bill of exceptions No. 8, appellant shows that the state introduced testimony which tended to show that the car was stolen from the appellant after he had rented same, and a request was timely presented to the court asking him to instruct the jury to the effect that if the defendant did not appropriate the car, but the same was taken from his possession without his consent by a third party and appropriated by the third party, that the appellant under such circumstances would not be responsible for the acts of such third party in stealing said

car from him. In the event of another trial, we think if the testimony is the same as on this trial concerning this matter that this issue should be presented to the jury in an appropriate charge.

For the errors above mentioned, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

· The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.